# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER JAMES WALKER, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>HIGHMARK BCBSD HEALTH OPTIONS, INC.<br><br>                    Defendant. | CIVIL ACTION<br><br><br>Case No.  2:20-cv-1975 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441, Defendant Highmark BCBSD Health Options, Inc. ("Highmark") hereby files this Notice of Removal of the above-named action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.  In further support of this Notice of Removal, Highmark states as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1.      On November 30, 2020, Plaintiff Christopher James Walker ("Plaintiff") initiated this action by filing a complaint (the "Complaint") against Highmark in the Court of Common Pleas of Allegheny County, Pennsylvania.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.      On December 8th, 2020, Plaintiff provided a Waiver of Service which Highmark filed on December 9, 2020.  A true and correct copy of Highmark's Acceptance of Service is attached hereto as Exhibit B.  Pursuant to 28 U.S.C. § 1446(a), Exhibit A and Exhibit B constitute

all of the process, pleadings, and orders served in this case. Highmark has not answered, moved or otherwise responded to the Complaint.

3.      In the Complaint, Plaintiff asserts a claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"). Ex. A ¶¶ 1, 30, 50-55.

4.      Plaintiff alleges that from early 2020 to the present, and in violation of the TCPA, Highmark "uses a prerecorded or artificial voice message" to call Plaintiff's cellular telephone without his consent. *Id.* at ¶¶ 19-29.

5.      Plaintiff further proposes a putative class defined as follows: "Since November 30, 2016[,] Plaintiff and all persons to whose cellular telephone number Defendant Highmark Health placed (or had placed on its behalf) a telephone call using a prerecorded or artificial voice after Defendant Highmark Health's (or the entity calling on its behalf) records show it was asked to stop calling or told that it had the wrong number, or when the telephone number to which the call was placed did not belong to a Highmark Health customer at the time of the calls." *Id.* at ¶ 31.

6.      Plaintiff prays for a court-ordered declaration that the action of Highmark violated the TCPA and for judgment in favor of Plaintiff for injunctive and equitable relief, statutory damages, treble damages, and reasonable attorneys' fees and costs.

## PARTIES

8.      Plaintiff Christopher James Walker asserts that he is a citizen of Middletown, Delaware and is a "person" as defined under 47 U.S.C. § 153(39) of the TCPA. Ex. A ¶¶ 15-16.

9.      Defendant Highmark is a Delaware corporation with its headquarters at 800 Delaware Avenue, Wilmington, DE 19801.

## TIMELINESS OF REMOVAL

10.     Plaintiff filed the Complaint on November 30, 2020

11.     On December 8th, 2020, Plaintiff provided a Waiver of Service which Highmark filed on December 9, 2020.  Ex. B.

12.     Highmark filed its Notice of Removal within thirty (30) days of the date it accepted service of the Complaint.

13.     Thus, this notice is timely pursuant to 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL JURISDICTION

14.     Removal is appropriate under 28 U.S.C. § 1331 as Plaintiff asserts a claim in violation of federal law.

**I.      Removal under 28 U.S.C. § 1331 – Federal Question Jurisdiction**

15.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint is founded on a claim or right arising under the laws of the United States.

16.     Under 28 U.S.C. § 1331, removal is appropriate if the district court has original jurisdiction founded on a claim or right arising under the laws of the United States and the action shall be removable without regard to the citizenship or residence of the parties.

17.     Plaintiff alleges a violation of 47 U.S.C. § 227, *et. seq.*  Ex. A ¶¶ 1, 50-55.

18.     This Court has jurisdiction over all claims brought under this federal statute and, as such, federal question jurisdiction exists under 28 U.S.C. § 1331.

19.     Accordingly, this action is one over which this District Court has subject matter jurisdiction over the entire case pursuant to 28 U.S.C. § 1331.

## REMOVAL TO THE WESTERN DISTRICT OF PENNSYLVANIA IS PROPER

20.     Under 28 U.S.C. § 1441(a), the United States District Court for the Western District of Pennsylvania is the proper venue for removal of jurisdiction because this suit is pending in the Court of Common Pleas of Allegheny County, Pennsylvania, which lies within the Western District of Pennsylvania.

## NOTICE TO STATE COURT AND PLAINTIFFS

21.     The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

22.     Counsel for Highmark certifies, pursuant to 28 U.S.C. § 1446(d), that copies of this Notice of Removal will be filed with the Court of Common Pleas of Allegheny County, Pennsylvania, and served promptly upon Plaintiff.  A true and correct copy of Highmark's Notice of Filing of Notice of Removal (without exhibits) is attached hereto as Exhibit C.

23.     By filing this notice of removal, Highmark does not waive any defense that may be available to it, including, but not limited to, removal on the grounds of diversity.

**WHEREFORE**, Defendant Highmark hereby removes the case now pending in the Court of Common Pleas of Allegheny County, Pennsylvania, Case No. GD-20-012151, to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1331 and 1441.

Dated: December 21, 2020                    Respectfully submitted,

**REED SMITH LLP**

/s/ Jason E. Hazlewood
Jason E. Hazlewood, Esq.
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
jhazlewood@reedsmith.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on December 21, 2020, I caused a true and correct copy of the foregoing Notice of Removal to be served by First Class Mail, postage prepaid, and electronic mail upon the following:

James M. Pietz
FEINSTEIN DOYLE
PAYNE & KRAVEC, LLC
429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Tel: 412-281-8400
jpietz@fdpklaw.com

Jeremy M. Glapion
THE GLAPION LAW FIRM, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732-455-9737
jmg@glapionlaw.com

*Counsel for Plaintiff*

/s/ Jason E. Hazlewood
**Jason E. Hazlewood**