# EXHIBIT A

# IN THE COURT OF COMMON PLEAS
## ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER JAMES WALKER, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>HIGHMARK BCBSD HEALTH OPTIONS,<br><br>        Defendant. | CIVIL DIVISION<br><br>G.D. NO.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>FILED ON BEHALF OF:<br>PLAINTIFFF CHRISTOPHER JAMES WALKER<br><br>COUNSEL OF RECORD FOR THIS PARTY:<br><br>**FEINSTEIN DOYLE PAYNE**<br>  **& KRAVEC, LLC**<br>James M. Pietz, Esquire<br>Pa. I.D. #55406<br>jpietz@fdpklaw.com<br>429 Fourth Avenue<br>Law & Finance Building, Suite 1300<br>Pittsburgh, PA 15219<br>Telephone: 412-281-8400<br>Facsimile:  412-281-1007<br><br>Jeremy M. Glapion<br>**THE GLAPION LAW FIRM, LLC**<br>1704 Maxwell Drive<br>Wall, New Jersey 07719<br>Tel: 732-455-9737<br>Fax: 732-709-5150<br>jmg@glapionlaw.com<br>(*Pro Hac Vice* to be filed)<br><br>**JURY TRIAL DEMANDED** |

IN THE COURT OF COMMON PLEAS

OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER JAMES WALKER, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br>v.<br><br>HIGHMARK BCBSD HEALTH OPTIONS,<br><br>              Defendant. | G.D. NO.: _____<br><br>**NOTICE TO DEFEND AGAINST CLAIMS** |

## **NOTICE TO DEFEND**

      You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

      **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

      **IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

Lawyer Referral Service<br>
Allegheny County Bar Association<br>
3rd Floor Koppers Building<br>
436 Seventh Avenue<br>
Pittsburgh, PA 15219<br>
Telephone: (412) 261-5555<br>
www.acbalrs.org

IN THE COURT OF COMMON PLEAS

OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER JAMES WALKER, on behalf of himself and all others similarly situated, | G.D. NO.: _____ |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | |
| HIGHMARK BCBSD HEALTH OPTIONS, | |
| Defendant. | |

## INTRODUCTION

1. This action arises out of Defendant Highmark BCBSD Health Options' ("Defendant") practice of placing prerecorded/artificial voice telephone calls to individuals such as Plaintiff without their consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Accordingly, Plaintiff brings this TCPA action on behalf of himself and a class of similarly situated individuals under 47 U.S.C. § 227(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant under 47 U.S.C. § 227(3) which authorizes state courts to preside over cases under the TCPA.

4. Pennsylvania law authorizes Courts of Common Pleas to preside over TCPA cases. The Pennsylvania Constitution confers original jurisdiction in the Courts of Common Pleas in all cases except as otherwise "may be provided by law". Pa. Const. Art.5, Sec. 5.

5. The Courts of Common Pleas are endowed with full authority as provided by law, which extends to causes of action arising under federal law. 42 Pa. C.S. § 931.

6. This Court has jurisdiction over Defendant because Defendant directs, controls

and coordinates significant business through and from Allegheny County.

7. State courts are not bound to adhere to federal Article III jurisdictional requirements, they possess the authority, absent a provision for exclusive federal jurisdiction, to render binding judicial decisions that rest on their own interpretations of federal law.

8. Venue is proper in this Court under Pa.R.Civ.P. 1006 and 2179 because Defendant conducts significant amounts of business transactions within this County, has offices located in this County, and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this County.

9. Specifically, while Defendant itself is located in Delaware, Defendant's parent company, Highmark Health, is located in this County at 120 Fifth Avenue, Pittsburgh, PA 15122.

10. In addition, Defendant's fax number is a 412 area code (Pittsburgh) and the IP Address associated with Defendant's domain name is located in Pittsburgh (and is shared with other Highmark brands and programs).

11. On its website, Defendant lists its address for provider appeals as in Pittsburgh. *See* https://www.highmarkhealthoptions.com/contact/

12. Also on Defendant's website, however, it lists its mailing address and its address for "Claims Inquiries" and "Administrative Reviews" as in Camp Hill (Cumberland County), Pennsylvania.

13. The phone numbers that appeared on Plaintiff's caller ID for the calls at issue used area code 267 (Philadelphia).

14. Upon information and belief, while Defendant maintains its headquarters in Delaware and some operations in Cumberland and Philadelphia Counties, its operations—

including those operations, contracts, and/or decisions that led to the calls at issue here—are most likely conducted through the location of its parent (i.e. Allegheny County), making venue proper here.

## PARTIES

15. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Middletown, Delaware.

16. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Defendant is, and at all times mentioned herein was, a Delaware corporation with its headquarters at 800 Delaware Avenue, Wilmington, DE 19801.

18. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

19. Defendant has placed telephone calls to Plaintiff's cellular telephone number ending in 7195.

20. These calls began in early 2020 and have continued through the present.

21. Each of Defendant's calls uses a prerecorded or artificial voice message which either plays when Plaintiff answers or leaves a prerecorded or artificial voice message on voicemail when he does not.

22. Plaintiff is aware that these telephone calls used a prerecorded or artificial voice message because of his familiarity with normal human interaction, intonation, manners of speaking, and his inability to engage the prerecorded or artificial voice in reciprocal, sensical communication or banter.

23. For example, on September 23, 2020, Plaintiff received a prerecorded/artificial voice message from telephone number 267-954-2945, which stated:

> Hello, this is Highmark Health Options calling for Joseph Nadle[ph.]. Please call us back 24/7 toll free at 1-844-607-5151. Again, the number is 1-844-607-5151. TTY users should call 711. Thank you and have a good day. Good bye.

24. On September 28, 2020, Plaintiff received an additional prerecorded/artificial voice message from telephone number 267-954-2945, which contained the following message:

> Hello, this is Highmark Health Options trying again to reach Joseph Nadle[ph.] with important health information that can help you stay healthy this flu season. Please call us back 24/7 toll free at 1-844-607-5151. Again, the number is 1-844-607-5151. TTY users should call 711. Thank you and have a good day. Good bye.

25. Plaintiff received additional prerecorded calls for Joseph Nadle[ph.] on October 2, October 8, November 9, and November 16.

26. Plaintiff is not Joseph Nadle[ph.] and has no familiarity or known association with this person.

27. Plaintiff is not, and has never been, Defendant's customer.

28. Plaintiff never provided consent to Defendant for the calls and does not know how Defendant obtained his number.

29. Accordingly, Defendant's calls to Plaintiff using a prerecorded/artificial voice violated 47 U.S.C. § 227(b).

30. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to $500 to $1500 per call.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action under Pa.R.Civ.P. 1700 *et. seq.* on behalf of a proposed Class, defined as follows:

> Since November 30, 2016 Plaintiff and all persons to whose cellular telephone number Defendant Highmark Health placed (or had placed on its behalf) a telephone call using a prerecorded or artificial voice after Defendant Highmark Health's (or the entity calling on its behalf) records show it was asked to stop

4

calling or told that it had the wrong number, or when the telephone number to which the call was placed did not belong to a Highmark Health customer at the time of the calls.

32. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

### Pa.R.Civ.P. 1702, 1708 and 1709 Prerequisites

### Numerosity

33. The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

34. The exact number and identities of the persons who fit within the Class are ascertainable in that Defendant maintains written and electronically stored data showing:

    a. The time period(s) during which Defendant placed its telephone calls;

    b. The telephone numbers to which Defendant placed its telephone calls;

    c. Requests from members to stop further calls;

    d. The names and addresses of Class members.

35. The Class is comprised of hundreds, if not thousands, of individuals nationwide.

36. Plaintiff Walker is a member of the Class in that Defendant placed a prerecorded or artificial voice call to his cellular telephone number despite not having Plaintiff's consent, as Plaintiff was not a customer of Defendant.

### Commonality

37. There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

    a. Whether Defendant placed telephone calls using an artificial or prerecorded voice;

    b. Whether Defendant had any processes or protocols in place to stop calls to persons who asked that the calls stop or told Defendant that it had the wrong number;

    c. Whether Defendant continued to place telephone calls to Class members after they asked it to stop;

    d. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

### Typicality

38. Plaintiff's claims are typical of the claims of Class members in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

39. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

40. On information and belief, Plaintiffs aver that Defendant treated them in same manner as it has treated hundreds, if not thousands of individuals.

### Adequacy of Representation

41. Plaintiff will thoroughly and adequately protect the interests of the Class, as Plaintiff and his retained counsel do not have any conflicts of interest with the proposed Class, are experienced in class actions of this type and can adequately represent the interests of the class, and Plaintiff and his counsel have adequate financial resources to assure that the interests of the class will not be harmed.

### A Class Action Provides a Fair and Efficient Method of Litigation

42. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

43. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

44. A class action provides a fair and efficient method for adjudication of the controversy.

45. Common questions will predominate, and there will be no unusual manageability issues.

46. The prosecution of separate actions would risk confronting Defendant with incompatible standards of conduct, and may also prove dispositive of the interests of other members not parties.

47. There does not appear to be any litigation already commenced by or against members of the class involving the same issues.

48. The forum is appropriate, as Defendant is headquartered herein.

49. The expense of individual litigation and the limited recovery in individual litigation justify a class action.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (On Behalf of Plaintiff and the Class)

50. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

51. Defendant placed prerecorded or artificial voice calls to Plaintiff's and putative Class members' cell phone numbers.

52. These calls occurred without prior express consent, as they were made either to non-customers of Defendant or to persons after those persons asked Defendant to stop calling and/or informed Defendant that it had the wrong number.

53. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

54. Accordingly, Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Plaintiff and Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Walker, individually and on behalf of the proposed Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Walker as the representative of the Class and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b);

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages for violations of 227(b);

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: November 30, 2020

**FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**

s/James M. Pietz
James M. Pietz (Pa. I.D. #55406)
429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Telephone: 412-281-8400
Fax: 412-281-1007
Email: jpietz@fdpklaw.com

Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732-455-9737
Fax: 732-709-5150
jmg@glapionlaw.com
(*Pro Hac Vice* to be filed)

*Counsel for Plaintiff and the Class*