IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER JAMES WALKER, ) | |
| ) | |
| ) | 2:20-CV-01975-CCW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HIGHMARK BCBSD HEALTH OPTIONS, ) | |
| INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Christopher Walker's Motion to Remand. ECF No. 12. For the reasons that follow, Plaintiff's Motion will be DENIED.

**I.     Background**

In this putative class action lawsuit, Plaintiff alleges that Defendant Highmark BCBSD Health Options, Inc. violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, by placing unsolicited automated/pre-recorded calls to Plaintiff's and putative class members' cellphones without those individuals' consent. ECF No. 1-1 at ¶ 1. Plaintiff originally filed this action in the Court of Common Pleas of Allegheny County on November 30, 2020. ECF No. 1 at ¶1. Defendant accepted service of the Complaint on December 9, 2020, and thereafter timely removed the case to this Court on December 21, 2020. ECF No. 1 at ¶¶ 10–12.

On January 27, 2021, one day after Defendant filed a motion to dismiss, in part, Plaintiff's Complaint for lack of subject matter jurisdiction, ECF No. 10, Plaintiff filed his Motion to Remand. ECF No. 12. In his Motion, Plaintiff argues that Defendant's Notice of Removal is deficient because it "fails to establish jurisdiction under Article III, § 2 of the Constitution." ECF No. 13 at 1. In particular, Plaintiff contends that Defendant, as the party invoking the jurisdiction

of this Court, has not demonstrated that the Complaint satisfies the injury in fact requirement for Article III standing. *Id.* at 5. Therefore, because "any doubts regarding a federal court's jurisdiction are resolved in favor of remand," Plaintiff claims that "conflicting opinions of federal court cases addressing Article III standing in TCPA cases" mandate remand here. *Id.* at 6.

In opposition, Defendant points out that in removing this case to federal court it invoked this Court's federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges in his Complaint that Defendant violated the TCPA. *See* ECF No. 18 at 4. Defendant also argues that, even if Plaintiff succeeds in having the case remanded for lack of jurisdiction, the case would become removable again as soon as Plaintiff responds to discovery requests regarding damages. *Id.* at 6. As such, and in the interest of judicial economy, Defendant contends that Plaintiff's Motion to Remand should be denied.

## II.     Discussion

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Standing under Article III is a necessary prerequisite to subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) ("Absent Article III standing, a federal court does not have subject matter jurisdiction."). The "'irreducible constitutional minimum' of standing consists of three elements," namely, that the plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016). Only the first standing element, injury in fact, is at issue here.

The precedential opinion of the United States Court of Appeals for the Third Circuit in *Susinno v. Work Out World, Inc.*, 862 F.3d 346 (3d Cir. 2017), which discussed standing in a case

involving an alleged violation of the TCPA, controls the Court's analysis here.[1]  In *Susinno*, plaintiff alleged that defendant had placed one unsolicited call to her cellphone.  *Id.* at 348.  She did not answer the call, and defendant left a one-minute, pre-recorded voicemail message.  *Id.*  The district court dismissed the complaint, concluding in part that the single call and lone voicemail message were insufficient to constitute injury in fact.  *Id.*  The Third Circuit reversed.  *Id.*

Applying the analytical framework from *In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625 (3d Cir. 2017), the court in *Susinno* concluded that the plaintiff had alleged a concrete injury in fact.  *Susinno*, 862 F.3d at 351–52.  This was so because "[w]hen one sues under a statute alleging 'the very injury [the statute] is intended to prevent,' and the injury 'has a close relationship to a harm . . . traditionally . . . providing a basis for a lawsuit in English or American courts,' a concrete injury has been pleaded."  *Id.* at 351 (quoting *Horizon*, 846 F.3d at 639–40).  Thus, plaintiff in *Susinno* alleged an injury "squarely identified" by Congress in the TCPA—*i.e.* "[t]he TCPA addresses itself directly to single prerecorded calls from cell phones, and states that its prohibition acts 'in the interest of [ ] privacy rights'"—and the alleged injury was closely related to a harm traditionally recognized at common law.  *Id.* at 351–52 (quoting Pub. L. 102-243, § 2) (finding that the TCPA "sought to protect the same interests implicated in the traditional common law cause of action" of intrusion upon seclusion).  That is, by enacting the TCPA, Congress "elevated a harm [i.e. a single unsolicited telephone call] that, while 'previously inadequate in law,' was of the same character of previously existing 'legally cognizable injuries.'"

---

[1] In suggesting that the issue of whether alleged violations of the TCPA confer Article III standing is unsettled, Plaintiff points to two cases where a court in the Third Circuit concluded standing did not exist.  These cases are distinguishable.  First, *Zemel v. CSC Holdings LLC*, Case No. 16-cv-4064, 2017 U.S. Dist. LEXIS 63398, *12–*14 (D.N.J. Apr. 26, 2017) was decided before the Third Circuit's opinion in *Susinno*, and it is not clear that the court in *Zemel*, which relied in part on the *Susinno* district court's conclusion, would have reached the same result with the benefit of guidance from the Third Circuit.  *See also id.* at *10 ("The Third Circuit has yet to apply *Spokeo* to a TCPA case").  Next, in *Cmty. Voc. Schs. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc*., 307 F. Supp. 3d 402, 416–17 (W.D. Pa. 2018), the court concluded at summary judgment that plaintiff lacked standing because it had failed to offer evidence that it actually received a fax allegedly in violation of the TCPA.

*Id.* Accordingly, the plaintiff in *Susinno* had alleged "a concrete, albeit intangible," injury sufficient to confer Article III standing. *Id.*

Applying the analysis and holding of *Susinno* to the present case, the Court finds that Plaintiff has standing under Article III. Plaintiff's Complaint alleges multiple violations of the TCPA by Defendant, including six specifically alleged instances of unsolicited, pre-recorded calls and/or voicemail messages to Plaintiff's cellphone from September through November 2020. ECF No. 1-1 at ¶¶ 19–25. And, although Plaintiff does not explicitly claim that these calls were an invasion of privacy, the Complaint states that Plaintiff was never a customer of Defendant and "Plaintiff never provided consent to Defendant for the calls and *does not know how Defendant obtained his number*," thereby implicating Plaintiff's privacy interests. ECF No. 1-1 at ¶¶ 27–28 (emphasis added). Thus, under the reasoning of the *Susinno* court—which found one call and one voicemail message sufficient to confer standing—Plaintiff has alleged injuries that are both clearly delineated by the statute and closely related to a harm traditionally recognized at common law. Therefore, the injury in fact element of standing is apparent from the face of the Complaint. Furthermore, although not challenged here, the Court also notes that the Complaint plainly satisfies the remaining standing elements: the alleged TCPA violations are attributed to Defendant making unsolicited, pre-recorded calls to Plaintiff's cellphone and the alleged injury is redressable through statutory and—if the violations are proven to have been willful—treble damages. *See* 47 U.S.C. § 227(b)(3).

Accordingly, and because the alleged violations of the TCPA clearly implicate federal question jurisdiction under 28 U.S.C. § 1331, the Court concludes that it has subject matter jurisdiction over this case. Plaintiff's Motion to Remand will be denied.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Remand is hereby DENIED.

DATED this 4th day of February, 2021.

                                                     BY THE COURT:

                                                 <u>/s/ Christy Criswell Wiegand</u>
                                                 CHRISTY CRISWELL WIEGAND
                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record