IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER JAMES WALKER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>HIGHMARK BCBSD HEALTH OPTIONS INC.<br><br>    Defendant. | CIVIL ACTION<br><br><br>Case No. 2:20-cv-01975-CCW |

## JOINT FED. R. CIV. P. 26(f) REPORT OF THE PARTIES (Class Action)

**Identification of counsel and unrepresented parties.**

Counsel for Plaintiff

James M. Pietz
Pa. Bar I.D. 55406
**FEINSTEIN DOYLE PAYNE**
**& KRAVEC, LLC**
429 Fourth Avenue
Law & Finance Bldg., Ste. 1300
Pittsburgh, PA 15219
Tel: (412) 281-8400
Fax: (412) 281-1007
jpietz@fdpklaw.com

Jeremy M. Glapion
*Pro hac vice*
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732-455-9737
Fax: 732-709-5150
jmg@glapionlaw.com

Counsel for Defendant

Jason E. Hazlewood
Pa. Bar I.D. 93443

Tia M. McClenney
Pa. Bar I.D. 326547
**REED SMITH LLP**
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Tel: (412) 288-3131
Fax: (412) 288-3063
jhazlewood@reedsmith.com
tmcclenney@reedsmith.com

1. **Set forth the general nature of the case:**

   This case arises out of an alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b). Plaintiff has filed a putative class action against Highmark alleging that Highmark unlawfully contacted Plaintiff and the putative class's cellular phones, using a prerecorded or artificial voice, without consent.

2. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Parties held a Rule 26(f) Conference on June 10, 2021. Jeremy M. Glapion appeared for Plaintiff, and Jason E. Hazlewood and Tia M. McClenney appeared for Highmark

3. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

   June 25, 2021

4. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   No anticipated Fed. R. Civ. P. 12 motions anticipated at this time.

5. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   The Parties would select private mediation when each believes they have sufficient information to have a meaningful and productive settlement discussion.

6. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   None.

7. **Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Fed. R. Civ. P. Rule 23 are satisfied, including a preliminary inquiry into the merits of the case to ensure appropriate management of the case as a Class Action. However, in order to ensure that a class certification decision be issued at an early practicable time, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of a party, enter a second scheduling and discovery order, if necessary.**

8. **Subjects on which class certification discovery may be needed:**

    Plaintiff intends to propound class certification discovery on the following topics, including but not limited to:

    - The number of persons within the defined class;
    - The ability to identify class members within the defined class from Defendant's records or others' records;
    - The reason(s) and methods for Defendant's calls to Plaintiff and putative class members;
    - Defendant's policies, practices, procedures, and records in identifying phone numbers and confirming their accuracy, including Plaintiff's.

9. Set forth suggested dates for the following:

    a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

    July 23, 2021 – 28 days after the June 25, 2021 Initial Scheduling Conference.

    b. **Date by which any additional parties shall be joined:**

    August 9, 2021 (45 days after the June 25, 2021 Initial Scheduling Conference) but without prejudice to the Parties' rights under Fed. R. Civ. P. 15, 21, 23, and 24

    c. **Date by which the pleadings shall be amended:**

    August 24, 2021 (60 days after the June 25, 2021 Initial Scheduling Conference) but without prejudice to the Parties' rights under Fed. R. Civ. P. 15

    d. **Date by which class certification discovery shall be completed:**

    Plaintiff's Proposal: December 17, 2021
    Defendant's Proposal: March 31, 2022

    e. **Date by which Plaintiffs' expert reports as to class certification shall be filed:**

    Plaintiff does not anticipate the need for expert reports as to class certification at this time. Should this change, the parties will promptly notify the court.

    f. **Date by which Defendants' expert reports as to class certification shall be filed:**

    Defendant does not anticipate the need for expert reports as to class certification at this time. Should this change, the parties will promptly notify the court.

    g.     **Date by which depositions of class certification expert(s) shall be completed:**

        n/a

    h.     **Plaintiff's Motion for Class Certification, Memorandum in Support, and all supporting evidence shall be filed by:**

        Without prejudice to Plaintiff's right to file a motion to alter, amend or renew any later class certification motion or pursuant to Fed. R. Civ. P. 23:

        Plaintiff's Proposal: January 31, 2022
        Defendant's Proposal: May 31, 2022

    i.     **Defendant's Memorandum in Opposition to Class Certification and all supporting evidence shall be filed by:**

        Plaintiff's Proposal: February 28, 2022
        Defendant's Proposal: July 31, 2022

    j.     **Plaintiff's Reply Memorandum in Support of Class Certification, if any, shall be filed by:**

        Plaintiff's Proposal: March 14, 2022
        Defendant's Proposal: August 30, 2022

    k.     **Summary of Dates**

|  | **Plaintiff** | **Defendant** |
|---|---|---|
| **Initial Disclosures** | July 23, 2021 ||
| **Joinder** | August 9, 2021 ||
| **Amendments** | August 24, 2021 ||
| **Class Cert. Discovery** | December 17, 2021 | March 31, 2022 |
| **Class Cert. Motion** | January 31, 2022 | May 31, 2022 |
| **Oppo. to Cert. Motion** | February 28, 2022 | July 31, 2022 |
| **Reply ISO Cert. Motion** | March 14, 2022 | August 30, 2022 |

    l.     **The Class Certification hearing shall be as scheduled by the Court.**

10.   After the resolution of the motion for class certification, the Court shall hold a Post-Certification Determination Conference to discuss how the case shall proceed in light of the disposition of the Class motion. If the parties wish to establish a schedule for post-Class Certification pretrial matters at this time, set forth suggested dates for the following:

    The Parties will meet and confer in advance of the Post-Certification Determination Conference for the purpose of proposing dates at that Conference.

    **a.**    Date by which fact discovery should be completed:

n/a

    **b.**    Date by which Plaintiffs' expert reports should be filed:

n/a

    **c.**    Date by which depositions of Plaintiffs' expert(s) should be completed:

n/a

    **d.**    Date by which Defendants' expert reports should be filed:

n/a

    **e.**    Date by which depositions of Defendants' expert(s) should be completed:

n/a

    **f.**    Date by which third party expert's reports should be filed:

n/a

    **g.**    Date by which depositions of third party's experts should be completed:

n/a

11. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

    n/a

12. **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

    **a.**    **ESI.**  Is either party seeking the discovery of ESI in this case?

    Yes.

    **b.**    **ESI Discovery Plan.**

    The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix

    LCvR 26.2.C-Checklist" to the Local Rules and have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI Discovery Plan.

  c. **Preservation.**  Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

    The parties have agreed to take steps to preserve electronic data and potentially relevant ESI, and counsel have each instructed their clients that they have a duty to preserve all ESI in native format and all other documents related to this action.  The parties have further agreed that, in the event that any issues arise regarding the preservation of electronic data or ESI, the parties shall meet and confer to resolve any such issues before engaging in motions practice.

  d. **ADR.**  Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

    Yes.

  e. **Clawback Agreement.**

    The parties have reviewed Fed. R. Civ. P. 26(b)(5), Fed. R. Evid. 502, and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and will request that the Court enter an Order Implementing Federal Rule of Evidence 502(d).

  f. **EDSM and E-Mediator.**  Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case?

    No.

  g. **Other.**  Identify all outstanding disputes concerning any ESI issues:

    The parties have agreed that, in the event that any issues arise regarding the discovery of ESI, the parties shall meet and confer to resolve any such issues before engaging in motions practice.

13. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:

 n/a until the issue of class certification is resolved

14. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

   n/a

15. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

   n/a

16. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 10 and/or 11, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

   None at this time.

17. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

   The Parties have agreed to reserve settlement discussions for a later date.

Dated:  June 17, 2021

*s/ James M. Pietz*
James Pietz, Esquire
Pa. I.D. 55406
Feinstein Doyle Payne & Kravec, LLC
Law and Finance Building, Suite 1300
429 Fourth Avenue
Pittsburgh, PA  15219
(412) 281-8400
jpietz@fdpklaw.com

Jeremy M. Glapion
*Pro hac vice*
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732-455-9737
Fax: 732-965-8006
jmg@glapionlaw.com

***Attorneys for Plaintiff
and the Putative Classes***

Dated:  June 17, 2021

/s/ *Jason E. Hazlewood*
Jason E. Hazlewood
Pa. Bar I.D. 93443
**REED SMITH LLP**
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Tel: (412) 288-3131
Fax: (412) 288-3063
jhazlewood@reedsmith.com

*Counsel for Defendant*