**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER JAMES WALKER, on behalf of himself and all others similarly situated, | CIVIL ACTION |
| Plaintiff, | Case No. 2:20-cv-01975-CCW |
| v. | |
| HIGHMARK BCBSD HEALTH OPTIONS INC. | |
| Defendant. | |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order has been entered by the Court for the above-captioned matter:

**Proceedings and Information Governed**

1.      This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information, or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action.  In accordance with the requirements of the regulations promulgated under HIPAA, specifically 45 C.F.R. § § 164.512(e)(1)(ii)(B) and (v), this Protective Order is also a HIPAA Qualified Protective Order, as that term is defined in the foregoing regulations, to govern protected health information ("PHI"). The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information", "Confidential Attorney Eyes Only Information", or "PHI Confidential" (collectively, "Protected Information") in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information**

2.      For purposes of this Protective Order:

a. The "Confidential Information" designation shall mean that the material is comprised of commercial information which is not publicly known and is of

technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(1)(G), or other information required by law or agreement to be kept confidential. Additionally, it includes materials containing any highly sensitive, non-public, business or personal information the disclosure of which would create substantial likelihood of jeopardizing the designating party or another's business interests that cannot be avoided by less restrictive means, as well as PHI protected by any state or federal law as more fully explained in Section 2.c in this Order, including but not limited to personally identifiable information (e.g., social security number, place of birth, or home address), confidential medical records or medical information, and other sensitive personal or business information.

b.  The "Confidential Attorney Eyes Only Information" designation shall mean that the document is comprised of Confidential Information that the producing party deems especially sensitive, which may include, but is not limited to, confidential financial, technical, marketing, any other highly sensitive proprietary business or customer information. It also includes materials containing highly sensitive, non-public business information that is of such commercially or competitively sensitive nature, including but not limited to competitive strategy or planning information, that disclosure to persons other than those listed in Section 8 could reasonably be expected to result in injury.

c.  The "PHI Confidential" designation and the term PHI shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limitation to the definition provided therein, PHI shall include, but is not limited to, health information, including demographic information, that: (a) relates to (i) the past, present, or future physical or mental condition of an individual, (ii) the provision of care to an individual, or (iii) the payment for care provided to an individual; and that (b) identifies or reasonably could be expected to identify that individual.

Defendant to this Lawsuit is a "covered entity" as defined by 45 C.F.R. § 160.103 and, along with its attorneys, is authorized to receive, subpoena, and transmit PHI pertaining to its respective patients, members, and/or insureds, to the extent provided and subject to the conditions outlined herein. In accordance with 45 C.F.R. § 164.512(e)(1), the parties may not use or disclose any PHI received in discovery from a party or non-party for any purpose or in any manner that is not reasonably connected with this lawsuit. Nothing in this Order shall limit or control the use of PHI pertaining to a patient, member, or insured of any party that is received by any party or its attorney from a source other than a covered entity, as defined in 45 C.F.R. § 160.103.

d.  Protected Information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.    Protected Information may be designated in the following manner.

a.  Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

b.  Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY**
**INFORMATION SUBJECT TO PROTECTIVE ORDER**

c.  Documents and things produced during the course of this litigation within the scope of paragraph 2(c) above may be designated by the producing party as containing PHI Confidential Information by placing on each page and each thing a legend substantially as follows:

**PHI CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

d.  A party may designate information disclosed at a deposition as Protected Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have fourteen (14) calendar days after the date the deposition transcript is received to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Protected Information. If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Confidential Attorney Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Protected Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

e.  It is the responsibility of counsel for each party to maintain materials containing Protected Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Failure to Designate**

4.      The failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations**

5.      A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) day time frame, and after the conference required under Local Rule 37.1, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Protected Information and Rule 502(d) Order**

6.      Information produced and/or designated as Protected Information may only be used for purposes of preparation, trial and appeal of this action.  Protected Information may not be used under any circumstances for prosecuting any patent application, for patent licensing or for any other purpose.  The provisions of LCvR 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.  If a producing party produces to a receiving party any documents or information subject to a claim of privilege, protection, or immunity from discovery (including but not limited to attorney-client privilege, work product protection, and immunities created by federal or state statute, regulation, or common law), the producing party shall, within thirty (30) days of the discovery of the production, give notice to the receiving party in writing of the producing party's claim of privilege, protection, or immunity from discovery.  Thereafter, the receiving party shall immediately return to the producing party the original and all copies of the privileged materials, including copies of the privileged materials disseminated to other persons by the receiving party.  The receiving party shall also immediately destroy all notes, summaries, abstracts, written digests, recordings, or work product reflecting the contents of such documents and information.  The receiving party shall certify in writing that it has returned or destroyed the produced information, including all copies, and that it has otherwise complied with the requirements of this paragraph.  No further uses or disclosures shall be made of the produced information.

Production of all materials in this case, whether inadvertent or otherwise, shall be without prejudice to and shall not waive, for purposes of this case or otherwise, any attorney-client privilege, work product protection or immunity from discovery that otherwise would apply.  This non-waiver provision should be interpreted to provide the broadest privilege protection allowable under Federal Rule of Evidence 502(d) and any applicable case law.  The analysis of whether a

disclosure of privileged material was inadvertent, whether the holder of the privilege took reasonable steps to prevent disclosure, and whether the holder of the privilege promptly took reasonable steps to rectify the error under Federal Rule of Evidence 502(b) shall not apply and is irrelevant in this case. Nothing contained herein is intended to, or shall serve, to limit any party's right to conduct a review of documents, electronically stored information, or other materials for relevance, responsiveness and/or identification of privileged documents before production of such materials to any requesting party. Any party who receives such produced information need not wait for notice from the producing party before complying with the requirements of this paragraph, and is expected to comply with them as soon as it is aware that the information produced is privileged.

7.      Subject to paragraph 9 below, PHI Confidential and Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) two (2) in-house counsel who are identified by the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks and legal clerks; (e) experts or consultants; (f) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (g) the Court and its personnel.

8.      Subject to paragraph 9 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) two (2) in-house counsel who are identified by the receiving party; (b) outside counsel for the receiving party; (c) supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks and legal clerks; (d) experts or consultants; (e) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (f) the Court and its personnel.

9.      Further, prior to disclosing PHI Confidential Information, Confidential Information, or Confidential Attorney Eyes Only Information to a receiving party's proposed expert, consultant or employees, the receiving party shall provide to the producing party a signed Agreement to be Bound by the Terms of Protective Order in the form attached as **Exhibit A**, the expert or consultant's business affiliation, and any current consulting relationships in the industry. The producing party shall thereafter have fourteen (14) days from receipt of the Agreement to object to any proposed individual. Such objection must be made for good cause and in writing, stating with particularity the reasons for objection. Failure to object within fourteen (14) days shall constitute approval. If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter. There shall be no disclosure to any proposed individual during the fourteen (14) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection or the Court has ruled upon any resultant motion.

10.     Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Agreement to be Bound by the Terms of Protective Order in the form attached as **Exhibit A**.

11.     PHI Confidential Information, Confidential Information, or Confidential Attorney Eyes Only Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

      a.   the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

      b.   the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

      c.   counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the Court and its personnel, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of the Protected Information.  Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

## Non-Party Information

12.     The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

## Filing Documents With the Court

13.     In the event that any party wishes to submit Protected Information to the Court, such party shall follow the procedures prescribed by the Court, including obtaining leave of Court prior to filing any documents under seal.

## No Prejudice

14.     Producing or receiving Protected Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Protected Information contains or reflects confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in

writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

## Conclusion of Litigation

15. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Protected Information, and to certify to the producing party such destruction or return. At the conclusion of this lawsuit as to any one party, that party and any person or entity in possession of PHI received from that party in accordance with this Order shall return to the producing party or destroy with a certification of such destruction of any and all PHI and copies thereof. Notwithstanding the foregoing, any such party may retain any PHI generated or provided by it; furthermore, any party and any person or entity in possession of PHI received from any party may retain PHI in their possession until the conclusion of this lawsuit as to that party. For purposes of this provision, the lawsuit concludes as to any party when (a) a final order is entered that disposes of the entire case as to that party, or (b) all trial and appellate proceedings have been exhausted as to that party.

## Other Proceedings

16. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated as Protected Information pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

## Remedies

17. It is Ordered by the Court that this Protective Order will be enforced in accordance with Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

18. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

Dated:  September 3rd, 2021                    BY THE COURT:

                                               /s/  Christy Criswell Wiegand
                                               Hon. Christy Criswell Wiegand
                                               U.S. District Court Judge