UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER JAMES WALKER**, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>**HIGHMARK BCBSD HEALTH OPTIONS, INC.; COTIVITI, INC.**<br><br>　　　　　　　　Defendant. | Civil Case No.: 20-cv-1975<br><br>Hon. Christy Criswell Wiegand<br><br>**Joint Motion to Stay Specific Deadlines in October 21, 2021 Case Management Order** |

Christopher Walker ("Plaintiff") and Highmark BCBSD Health Options, Inc. ("Defendant" or "Highmark") (collectively, "Parties"), through their undersigned counsel, hereby jointly move to stay specific deadlines in the October 21, 2021 Case Management Order (the "Order") dependent upon the Court's ruling on Defendant Cotiviti, Inc.'s ("Cotiviti") motion to dismiss. An extension of specific deadlines in the Order is necessary to further judicial economy and preserve the Parties' and the Court's resources.

1. On June 25, 2021, this Court entered a Case Management Order in which it set certain deadlines in the instant case.

2. On October 21, 2021, in response to the Parties' joint motion, this Court modified these deadlines. The original deadlines and the amended deadlines are set forth below.

| Stage | Deadline | Amended Deadline |
|---|---|---|
| Add New Parties | August 9, 2021 | November 29, 2021 |
| Amend Pleadings | August 24, 2021 | December 13, 2021 |
| Class Certification Discovery | November 22, 2021 | February 21, 2022 |
| Motion for Class Certification | December 30, 2021 | March 28, 2022 |

| Defendant's Response | January 20, 2022 | April 18, 2022 |
| --- | --- | --- |
| Plaintiff's Reply | January 27, 2022 | April 25, 2022 |

3. The Parties have been diligently conducting discovery. Plaintiff has served (and received responses to) multiple sets of written discovery, containing dozens of requests, and Defendant Highmark has served (and received responses to) written discovery requests on Plaintiff.

4. When discovery disputes have arisen, the Parties have scheduled meet and confers promptly—sometimes within days of the responses being received—and have notified the Court promptly when the Parties were unable to resolve their disputes.

5. The deadline to serve written discovery requests passed on January 21, 2022, and the Parties have completed service of written discovery requests.[1] Highmark has outstanding responses to Plaintiff's Fifth Set of Requests for Production of Documents that are due before the February 21, 2022 class certification discovery deadline, and Highmark intends to timely provide written objections and responses to those requests.

6. Plaintiff and Defendant Highmark are also currently scheduling depositions, with the deposition of Plaintiff tentatively set for February 9 and the deposition of Defendant Highmark noticed for February 17.

7. However, certain developments in the case necessitate a stay of the current deadlines for the Parties (and Cotiviti, if it remains in the case) to take depositions, to complete written discovery as to Cotiviti, and to brief Plaintiff's motion for class certification and any

---

[1] There are, however, outstanding discovery disputes, and depending on the resolution of these disputes, Plaintiff may seek a brief extension of this deadline and/or leave to serve additional discovery requests. Defendant disagrees that any such extension or additional requests would be appropriate, regardless of the resolution of these disputes.

motions for summary judgment as to the named Plaintiff's claims[2] in order to avoid undue burden and cost to the parties, and in order to preserve the Court and the Parties' resources.

8. Specifically, on November 29, 2021, Plaintiff moved to amend his complaint to add a new party, Cotiviti.

9. On December 18, 2021, Cotiviti asked if Plaintiff's counsel would agree to an extension of its time to respond to the complaint until January 28, 2022. Plaintiff agreed, and a stipulation reflecting this agreement was filed on January 12, 2022.

10. On January 14, 2022, counsel for Cotiviti informed Plaintiff that it intended to move to dismiss the complaint against it under Fed. R. Civ. P. 12(b)(2) (personal jurisdiction) and 12(b)(3) (venue).

11. Plaintiff and Cotiviti conferred that same day but could not resolve the issues to be presented in Cotiviti's motion to dismiss.

12. Plaintiff also confirmed with Cotiviti that, due to the nature of its Motion, it did not intend to participate in the drafting of this joint motion.

13. Cotiviti filed its Motion to Dismiss on January 28, 2022. [Dkt. 78.]

14. As this motion to dismiss is a dispositive motion, it may not be fully briefed until February 25, 2022 (assuming no extensions), which is after the February 21, 2022 close of class certification discovery.

15. If Defendant Cotiviti's Motion to Dismiss is denied, additional discovery would need to be conducted (both directed to Defendant Cotiviti and by Defendant Cotiviti).

16. If the current deadlines are not stayed between the Parties to take depositions and complete class certification and motion for summary judgment briefing, this likely would result in

---

[2] Nothing herein shall be construed as Plaintiff conceding the propriety or timeliness of any such summary judgment motion.

witnesses having to sit for multiple depositions, the amendment of expert reports (discussed further below) and, potentially, the amendment of any briefing (such as class certification or any motion for summary judgment as to the named Plaintiff's claim) submitted to the court. Such an outcome would be burdensome and inefficient for the Parties and the Court.

17. Additionally, the parties request that the Court modify the Order to add a period for class certification expert discovery.

18. When the schedule in this case was originally set and as noted in the Parties' Rule 26(f) report, Docket 34, ¶¶ 9e-f, expert testimony was not expected to be needed, but the Parties agreed to promptly notify the Court if expert testimony became necessary.

19. The possibility of experts was discussed with the Court on the November 30, 2021 discovery dispute call with the Court.

20. The Parties have since determined that they intend to submit expert reports in connection with Plaintiff's motion for class certification.

21. The current schedule does not set dates for expert disclosures and discovery, and the Parties believe that an expert discovery period is necessary prior to the filing of Plaintiff's Motion for Class Certification.

22. The Parties respectfully submit that the most efficient and sensible approach is for the Court to stay the relevant pending deadlines for class certification briefing and depositions in this matter pending the resolution of Defendant Cotiviti's motion to dismiss.

23. Upon such a resolution, the remaining Parties will jointly submit a proposed revised schedule, which will also include deadlines for class certification expert discovery.[3]

WHEREFORE, the Parties respectfully request that the Court enter an order staying the current

---

[3] In the event that the Court does not grant the instant motion, the Parties will jointly submit a motion to amend the current schedule to add an expert discovery period.

deadlines for depositions and class certification briefing until after the resolution of Cotiviti's motion to dismiss. Upon a resolution of Cotiviti's motion, the parties will submit a proposed amended case management order that includes a period for class certification written discovery requests directed to and by Cotiviti if necessary, depositions, expert discovery as to class certification, and class certification briefing.

**Dated:** January 31, 2022

s/ Jeremy M. Glapion
Jeremy M. Glapion (NJ Bar: 145972015)
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com
*Counsel for Plaintiff*


s/ Justin J. Kontul
Justin J. Kontul
PA Bar I.D. No. 206026
Patricia E. Antezana
PA Bar I.D. No. 86460
Tia M. McClenney
PA Bar I.D. No. 326547
Reed Smith Centre
225 Fifth Avenue - Suite 1200
Pittsburgh, PA 15222
Telephone: 412.288.3131
Fax: 412.288.3063
jkontul@reedsmith.com
pantezana@reedsmith.com
tmcclenney@reedsmith.com

*Counsel for Defendant*