THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER JAMES WALKER, KIM STERLING, and ERNIE FISHER on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HIGHMARK BCBSD HEALTH OPTIONS, INC.; COTIVITI, INC.,<br><br>Defendants. | Civil Case No.: 20-cv-1975<br>Hon. Christy Criswell Wiegand |

# DEFENDANT COTIVITI, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant Cotiviti, Inc. ("Defendant" or "Cotiviti") submits the following answer and affirmative defenses to the Third Amended Complaint ("TAC") of Plaintiffs Christopher James Walker, Kim Sterling, and Ernie Fisher ("Plaintiffs"). Defendant responds to each paragraph of the TAC as follows:

## INTRODUCTION

1. Cotiviti admits that Plaintiffs bring this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), but denies that Plaintiffs are entitled to any relief and denies the remaining allegations in paragraph 1.

2. Cotiviti admits that Plaintiffs bring this action under the TCPA on behalf of themselves and a class of similarly situated individuals, but denies that any class should be certified in this case, or that Plaintiffs and any putative class are entitled to any relief.

## JURISDICTION AND VENUE

3. Plaintiffs allege a legal conclusion about whether this Court has jurisdiction for which no response is required. To the extent a response is required, Cotiviti admits that the TCPA is a federal statute, but denies all other allegations in this paragraph.

4. In paragraph 4, Plaintiffs allege a legal conclusion about whether this Court has jurisdiction over Defendants Cotiviti and Highmark BCBSD Health Options Inc. ("Highmark") for which no response is required. To the extent a response is required, Cotiviti denies the allegations in this paragraph.

5. In paragraph 5, Plaintiffs allege a legal conclusion about whether venue is proper in this District for which no response is required. To the extent a response is required, Cotiviti denies the allegations in this paragraph.

6. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 6 and, on that basis, denies them.

7. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 7 and, on that basis, denies them.

8. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 8 and, on that basis, denies them.

9. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 9 and, on that basis, denies them.

10. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 10 and, on that basis, denies them.

11. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 11 and, on that basis, denies them.

## PARTIES

12. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 12 and, on that basis, denies them.

13. In paragraph 13, Plaintiffs allege a legal conclusion about whether Plaintiff Walker is a "person" for which no response is required.

14. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 14 and, on that basis, denies them.

15. In paragraph 15, Plaintiffs allege a legal conclusion about whether Plaintiff Sterling is a "person" for which no response is required.

16. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 16 and, on that basis, denies them.

17. In paragraph 17, Plaintiffs allege a legal conclusion about whether Plaintiff Fisher is a "person" for which no response is required.

18. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 18 and, on that basis, denies them.

19. In paragraph 19, Plaintiffs allege a legal conclusion about whether Highmark is a "person" for which no response is required.

20. Cotiviti admits the allegations in paragraph 20.

21. In paragraph 21, Plaintiffs allege a legal conclusion about whether Cotiviti is a "person" for which no response is required.

## FACTUAL ALLEGATIONS

22. In response to the allegations of paragraph 22, Cotiviti admits that, on behalf of Highmark, Cotiviti placed calls to the phone number ending in 7195, but Cotiviti lacks sufficient

knowledge or information regarding whether this phone number belongs to Plaintiff Walker and on that basis denies that it does.

23. In response to the allegations of paragraph 23, Cotiviti admits that, on behalf of Highmark, Cotiviti placed calls to the phone number ending in 1729, but Cotiviti lacks sufficient knowledge or information regarding whether this phone number belongs to Plaintiff Sterling and on that basis denies that it does.

24. In response to the allegations of paragraph 24, Cotiviti admits that, on behalf of Highmark, Cotiviti placed calls to the phone number ending in 7170, but Cotiviti lacks sufficient knowledge or information regarding whether this phone number belongs to Plaintiff Walker and on that basis denies that it does.

25. Cotiviti admits the allegations in paragraph 25.

26. Cotiviti admits the allegations in paragraph 26.

27. The allegations in paragraph 27 are vague and incomplete, but Cotiviti admits that Highmark provided some details on when and in what circumstances numbers should be called but denies that Highmark provided all such details for all circumstances.

28. Cotiviti admits the allegations of paragraph 28.

29. Cotiviti admits the allegations of paragraph 29.

30. Cotiviti denies the allegations of Paragraph 30 as incomplete and thus an inaccurate characterization.

31. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 31 and, on that basis, denies them.

32. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 32 and, on that basis, denies them.

33. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 33 and, on that basis, denies them.

34. In paragraph 34, Plaintiffs allege a legal conclusion for which no response is required. Cotiviti admits the calls used Interactive Voice Recognition ("IVR"), but does not respond to the legal conclusion about whether IVR constitutes artificial or prerecorded voice.

35. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 35 and, on that basis, denies them.

36. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 36 and, on that basis, denies them.

37. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 37 and, on that basis, denies them.

38. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 38 and, on that basis, denies them.

39. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 39 and, on that basis, denies them.

40. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 40 and, on that basis, denies them.

41. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 41 and, on that basis, denies them.

42. Cotiviti admits that Plaintiff Walker is not named Joseph Nahodil. Cotiviti lacks sufficient knowledge or information regarding whether Plaintiff Walker has familiarity or known association with Joseph Nahodil and, on that basis, denies the remaining allegations in paragraph 42.

43. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 43 and, on that basis, denies them.

44. Cotiviti denies that there was insufficient prior express consent to call the number Plaintiff Walker claims belongs to him but lacks sufficient information or knowledge regarding whether Plaintiff Walker ever provided this phone number or any other form of consent and on that basis denies the allegations of paragraph 44.

45. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 45 and, on that basis, denies them.

46. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 46 and, on that basis, denies them.

47. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 47 and, on that basis, denies them.

48. Cotiviti denies that there was insufficient prior express consent to call the number Plaintiff Sterling claims belongs to her but lacks sufficient information or knowledge regarding whether Plaintiff Sterling ever provided this phone number or any other form of consent and on that basis denies the allegations of paragraph 48.

49. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 49 and, on that basis, denies them.

50. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 50 and, on that basis, denies them.

51. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 51 and, on that basis, denies them.

52. Cotiviti denies that there was insufficient prior express consent to call the number Plaintiff Fisher claims belongs to him but lacks sufficient information or knowledge regarding whether Plaintiff Fisher ever provided this phone number or any other form of consent and on that basis denies the allegations of paragraph 52.

53. In paragraph 53, Plaintiffs allege a legal conclusion for which no response is required.

54. Cotiviti denies the allegations of paragraph 54

## CLASS ACTION ALLEGATIONS

55. In paragraph 55, Plaintiffs allege a legal conclusion for which no response is required. To the extent a response is required, Cotiviti admits that Plaintiffs bring this action on behalf of a purported class and that Plaintiffs purport to exclude certain individuals from the "Class," but denies that Plaintiffs are appropriate class representatives or that any class should be certified in this case, and denies all remaining allegations.

### Numerosity and Ascertainability

56. In paragraph 56, Plaintiffs allege a legal conclusion for which no response is required. To the extent a response is required, Cotiviti denies the allegations in this paragraph.

57. Cotiviti denies the allegations in paragraph 57.

58. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 58 and, on that basis, denies them.

59. In paragraph 59, Plaintiffs allege a legal conclusion for which no response is required. To the extent a response is required, Cotiviti denies the allegations in this paragraph.

### Commonality

60. Cotiviti denies the allegations in paragraph 60.

61. Cotiviti denies the allegations in paragraph 61.

62. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 62 and, on that basis, denies them.

63. Cotiviti denies the allegations in paragraph 63.

### Adequacy of Representation

64. In paragraph 64, Plaintiffs allege a legal conclusion for which no response is required. To the extent a response is required, Cotiviti denies the allegations of paragraph 64.

### Superiority

65. In paragraph 65, Plaintiffs allege a legal conclusion for which no response is required. To the extent a response is required, Cotiviti denies the allegations in this paragraph.

66. Cotiviti denies the allegations in paragraph 66.

67. In paragraph 67, Plaintiffs allege a legal conclusion for which no response is required. To the extent a response is required, Cotiviti denies the allegations in this paragraph.

68. Cotiviti denies the allegations in paragraph 68.

69. In paragraph 69, Plaintiffs allege a legal conclusion for which no response is required. To the extent a response is required, Cotiviti denies the allegations in this paragraph.

70. Cotiviti lacks sufficient knowledge or information regarding the allegations in paragraph 70 and, on that basis, denies them.

71. In paragraph 71, Plaintiffs allege a legal conclusion for which no response is required. To the extent a response is required, Cotiviti denies the allegations in this paragraph.

72. Cotiviti denies the allegations in paragraph 72.

### FIRST CAUSE OF ACTION
**Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On Behalf of Plaintiffs and the Class)**

73. Cotiviti incorporates and restates all previous responses as if set forth fully herein.

74. In paragraph 74, Plaintiffs allege a legal conclusion for which no response is required. To the extent a response is required, Cotiviti denies the allegations in this paragraph.

75. In paragraph 75, Plaintiffs allege a legal conclusion for which no response is required. To the extent a response is required, Cotiviti denies the allegations in this paragraph.

76. In paragraph 76, Plaintiffs allege a legal conclusion for which no response is required. To the extent a response is required, Cotiviti denies the allegations in this paragraph.

77. In paragraph 77, Plaintiffs allege a legal conclusion for which no response is required. To the extent a response is required, Cotiviti denies the allegations in this paragraph.

78. In paragraph 78, Plaintiffs allege a legal conclusion for which no response is required. To the extent a response is required, Cotiviti denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Cotiviti denies that Plaintiffs are entitled to any relief in connection with the allegations set forth in the TAC, including without limitation, the relief sought in the WHEREFORE clause.

## AFFIRMATIVE DEFENSES

Cotiviti alleges the following affirmative defenses. Cotiviti asserts these affirmative defenses prior to discovery, to preserve its rights, and to preclude any claim of waiver. By alleging these affirmative defenses, Cotiviti does not admit to any facts or that it has the burden of proof and/or persuasion. Cotiviti reserves the right to assert additional or amended affirmative defenses not listed below.

### FIRST AFFIRMATIVE DEFENSE

Derivative Sovereign Immunity

1. Plaintiffs' claims are barred, in whole or in part, by the doctrine of derivative sovereign immunity pursuant to *Yearsley v. W.A. Ross Const. Co.*, 309 U.S. 18 (1940).

## SECOND AFFIRMATIVE DEFENSE

### Lack of Personal Jurisdiction

2. Cotiviti maintains that this Court lacks personal jurisdiction over it for the reasons stated in Cotiviti's Motion to Dismiss (ECF Nos. 78, 79) and corresponding Reply (ECF No. 89). Cotiviti is a Delaware corporation with its headquarters and principal place of business in Utah. Plaintiffs' TAC does not allege that Plaintiffs received any phone calls in Pennsylvania or that they has any connection to Pennsylvania. Additionally, Plaintiffs' TAC fails to allege any facts about the relationship and/or merger between Eliza Corporation ("Eliza") and Cotiviti, such that the TAC could establish jurisdiction over Cotiviti based on Eliza's actions under any theory, including but not limited to the theory of successor jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

### Improper Venue

3. Venue is improper against Cotiviti in this District for the reasons articulated in Cotiviti's Motion to Dismiss (ECF Nos. 78, 79) and corresponding Reply (ECF No. 89). Highmark's removal of this action to this District does not make venue proper as to Cotiviti because Cotiviti was not added as a Defendant until several months after removal. Additionally, the TAC does not allege that Plaintiffs either received any phone calls in this District or that any phone calls originated from this District. In fact, Plaintiff Walker alleges that he received calls from a phone number bearing a Philadelphia area code, which is in the Eastern District of Pennsylvania, rather than the Western District.

### FOURTH AFFIRMATIVE DEFENSE

Prior Express Consent

4. Highmark and Cotiviti had sufficient prior express consent under the TCPA to make the phone calls at issue here.

### FIFTH AFFIRMATIVE DEFENSE

No Use of Prerecorded or Artificial Voice

5. The calls at issue here were made by IVR, but not via "artificial or prerecorded voice" within the meaning of the TCPA.

### SIXTH AFFIRMATIVE DEFENSE

Emergency Purpose And/Or Healthcare Exceptions

6. Some or all of the calls at issue here are exempt under the TCPA under the emergency purpose exception and/or the exigent healthcare message rule and/or under the healthcare rule. For example, some of the calls related to Covid vaccinations. All of the calls related to healthcare and/or health coverage.

### SEVENTH AFFIRMATIVE DEFENSE

Laches

7. Plaintiffs have delayed inexcusably and unreasonably in adding Cotiviti as a Defendant in this action, causing substantial prejudice to Cotiviti, and thus, Plaintiffs' claims are barred by the equitable doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

No Ratification

8. Cotiviti did not ratify or approve of any intentional, willful, malicious, fraudulent, or oppressive acts of any of its employees, agents, or independent contractors.

## NINTH AFFIRMATIVE DEFENSE

### No Vicarious Liability or Successor Liability

9. Plaintiffs have failed to allege any facts establishing any theory of liability by which the actions of Eliza Corporation may be imputed to Cotiviti, such as vicarious liability or successor liability.

## TENTH AFFIRMATIVE DEFENSE

### Fault of Third Parties

10. Third parties to this action caused or contributed to Plaintiffs' damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### Constitutional Defense

11. Plaintiffs' claims are barred by the U.S. Constitution, including, but not limited to, the Due Process Clause and the First Amendment.

## TWELFTH AFFIRMATIVE DEFENSE

### No Actual Damages

12. Plaintiffs did not suffer any actual injury based on the phone calls they allegedly received.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Unclean Hands

13. The doctrine of unclean hands bars Plaintiffs from recovering.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Lack of Intent/Good Faith

14. Cotiviti acted in good faith and without intent to harm Plaintiffs or to engage in any known wrongful act or violation of law. If any violation occurred, it was in error,

notwithstanding the maintenance of procedures reasonably adopted to avoid wrongful acts or violations of law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Primary Jurisdiction/Abstention

15. The Federal Communication Commission ("FCC") has the primary jurisdiction to determine some or all of the claims at issue in this action and the Court should abstain from adjudicating Plaintiffs' claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

Waiver, Consent, Acquiescence, and/or Ratification

16. The doctrines of waiver, consent, acquiescence, and/or ratification bar Plaintiffs from recovering.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Fault of Plaintiff

17. Plaintiffs, by their own conduct, caused or contributed to their damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Failure to Mitigate

18. Plaintiffs have failed to mitigate their damages, including by failing to opt out of the IVR calls by following the IVR opt-out prompts.

### NINETEENTH AFFIRMATIVE DEFENSE

No Knowing or Willful Misconduct

19. Any conduct or violation by Defendant was not knowing or willful.

### TWENTIETH AFFIRMATIVE DEFENSE

Failure to State a Claim

20. Plaintiffs fail to state a claim upon which relief can be granted.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

No Injunctive Relief

21. Plaintiffs are not entitled to injunctive relief, in part because they have an adequate remedy at law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

No Class Action

22. No class should be certified here, due to lack of numerosity, commonality, predominance, typicality, superiority, and adequacy.

Dated: November 30, 2022

>/s/ Shannon Z. Petersen
>Mark A. Grace, Esq.
>PA ID No. 78701
>COHEN & GRACE, LLC
>105 Braunlich Drive, Suite 300
>Pittsburgh, PA 15237
>Telephone: (412) 847-0300
>mgrace@cohengrace.com
>
>Shannon Z. Petersen, Esq. (*pro hac vice*)
>SHEPPARD, MULLIN, RICHTER &
>  HAMPTON LLP
>12275 El Camino Real, Suite 100
>San Diego, CA 92130
>Telephone: (858) 720-7483
>spetersen@sheppardmullin.com
>
>*Attorneys for Defendant Cotiviti, Inc.*

## CERTIFICATE OF SERVICE

I certify that on November 30, 2022, a true and correct copy of the foregoing DEFENDANT COTIVITI, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT was filed electronically and notice of filing was sent to all parties by operation of the Court's CM/ECF system.

/s/ *Shannon Z. Petersen*
Shannon Z. Petersen