## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER JAMES WALKER, KIM STERLING, and ERNIE FISHER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HIGHMARK BCBSD HEALTH OPTIONS, INC.; and COTIVITI, INC.<br><br>Defendants. | CIVIL ACTION<br><br><br>Case No. 2:20-cv-01975-CCW |

## HIGHMARK BCBSD HEALTH OPTIONS INC.'S ANSWER
## IN RESPONSE TO PLAINTIFFS' THIRD AMENDED COMPLAINT

COMES NOW Defendant Highmark BCBSD Health Options Inc. ("Highmark"), through undersigned counsel, to file its Answer to Plaintiffs' Third Amended Complaint and in support thereof states the following:

1.      The allegations of Paragraph 1 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

2.      The allegations of Paragraph 2 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark admits the Plaintiffs have brought a putative class action but denies that it has any liability to Plaintiffs and denies any remaining allegations in this paragraph.

## JURISDICTION AND VENUE

3.      Paragraph 3 of the Third Amended Complaint is a jurisdictional statement to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

4.      Paragraph 4 of the Third Amended Complaint is a jurisdictional statement to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

5.      Paragraph 5 of the Third Amended Complaint is a jurisdictional statement to which no response is required.  To the extent that a response is required, Highmark admits that venue is proper under 28 U.S.C. § 1441(a) but denies the remaining allegations of this paragraph.

6.      Paragraph 6 of the Third Amended Complaint is denied.

7.      Paragraph 7 of the Third Amended Complaint is a jurisdictional statement to which no response is required.  To the extent that a response is required, Highmark denies the allegations of this paragraph.

8.      Highmark admits to Paragraph 8 of the Third Amended Complaint.

9.      Highmark admits to Paragraph 9 of the Third Amended Complaint.

10.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore, denies on that basis.

11.     The allegations of Paragraph 11 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

**PARTIES**

12.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore, denies on that basis.

13.     The allegations of Paragraph 13 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

14.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore, denies on that basis.

15.     The allegations of Paragraph 15 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

16.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore, denies on that basis.

17.     The allegations of Paragraph 17 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

18.     Highmark admits to Paragraph 18 of the Third Amended Complaint.

19.     The allegations of Paragraph 19 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

20.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore, denies on that basis.

21.     The allegations of Paragraph 21 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

## FACTUAL ALLEGATIONS

22.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore, denies on that basis.

23.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore, denies on that basis

24.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore, denies on that basis

25.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore, denies on that basis.

26.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26, and therefore, denies on that basis.

27.     Paragraph 27 of the Third Amended Complaint is denied.

28.     Paragraph 28 of the Third Amended Complaint is denied.

29.     The allegations of Paragraph 29 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and therefore, denies on that basis.

30.     The allegations of Paragraph 30 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

31.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and therefore, denies on that basis.

32.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and therefore, denies on that basis.

33.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and therefore, denies on that basis.

34.     The allegations of Paragraph 34 constitute conclusions of law to which no response is required.   To the extent a response is deemed to be required, Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, denies on that basis.

35.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and therefore, denies on that basis.

36.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and therefore, denies on that basis.

37.     The allegations of Paragraph 37 constitute conclusions of law to which no response is required.   To the extent a response is deemed to be required, Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, denies on that basis.

38.     Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and therefore, denies on that basis.

39.     The allegations of Paragraph 39 constitute conclusions of law to which no response is required.   To the extent a response is deemed to be required, Highmark currently lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, denies on that basis.

      40.      Paragraph 40 of the Third Amended Complaint is denied as stated.

      41.      Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and therefore, denies on that basis.

      42.      Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and therefore, denies on that basis.

      43.      Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and therefore, denies on that basis.

      44.      Highmark denies the allegations of Paragraph 44 of the Third Amended Complaint.

      45.      Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and therefore, denies on that basis.

      46.      Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and therefore, denies on that basis.

      47.      Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and therefore, denies on that basis.

      48.      Highmark denies the allegations of Paragraph 48.

      49.      Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and therefore, denies on that basis.

      50.      Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and therefore, denies on that basis.

      51.      Highmark currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and therefore, denies on that basis.

52.     Highmark denies the allegations of Paragraph 52.

53.     Paragraph 53 of the Third Amended Complaint is denied.

54.     Paragraph 54 of the Third Amended Complaint is denied.

## CLASS ACTION ALLEGATIONS

55.     The allegations of Paragraph 55 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark admits that Plaintiffs have alleged a putative class action but denies that it has any liability to Plaintiffs or the putative class and denies the remaining allegations of this paragraph.

### Numerosity and Ascertainability

56.     The allegations of Paragraph 56 constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

57.     Paragraph 57 of the Third Amended Complaint is denied.

58.     The allegations of Paragraph 58 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

59.     The allegations of Paragraph 59 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

### Commonality

60.     Paragraph 60 of the Third Amended Complaint is denied.

### Typicality

61.     Paragraph 61 of the Third Amended Complaint is denied.

62.     Paragraph 62 of the Third Amended Complaint is denied.

63.     Paragraph 63 of the Third Amended Complaint is denied.

## Adequacy of Representation

64.     The allegations of Paragraph 64 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

## Superiority

65.     Paragraph 65 of the Third Amended Complaint is denied.

66.     The allegations of Paragraph 66 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

67.     The allegations of Paragraph 67 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

68.     Paragraph 68 of the Third Amended Complaint is denied.

69.     The allegations of Paragraph 69 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

70.     The allegations of Paragraph 70 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

71.     The allegations of Paragraph 71 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

72.     Paragraph 72 of the Third Amended Complaint is denied.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On Behalf of Plaintiffs and the Class)**

73.     Highmark reiterates and restates all preceding Paragraphs of its Answer as if set forth fully herein.

74.     The allegations of Paragraph 74 constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, Highmark denies the allegations of this paragraph.

75.     Paragraph 75 of the Third Amended Complaint is denied.

76.     Paragraph 76 of the Third Amended Complaint is denied.

77.     Paragraph 77 of the Third Amended Complaint is denied.

78.     Paragraph 78 of the Third Amended Complaint is denied.

WHEREFORE, Highmark requests that the Court enter judgment in its favor and against Plaintiffs, all at Plaintiffs' expense.

The allegations in Plaintiffs' Third Amended Complaint's Prayer for Relief constitute a prayer for relief to which no response is required.  To the extent a response is required, Highmark denies the allegations in the prayer for relief, including each subparagraph, and denies that Plaintiffs are entitled to any relief whatsoever from Highmark based on the allegations and claims set forth in the Third Amended Complaint.

## AFFIRMATIVE DEFENSES

1.      Highmark incorporates its responses to Paragraphs 1 through 78 of the Third Amended Complaint.

2.      All averments in the Third Amended Complaint not admitted above are denied.

3.      Highmark alleges as an affirmative defense that Plaintiffs cannot recover damages under the TCPA to the extent the owner(s) of the phone number called gave his/her respective express consent to such calls.

4.      Highmark alleges as an affirmative defense upon information and belief that some or all of the calls allegedly placed to Plaintiffs are exempted from TCPA regulation under its "emergency purpose" exception, the exigent health message exemption, and/or other applicable exceptions and exemptions.

5.      Highmark alleges as an affirmative defense that Plaintiffs' claims under the TCPA are barred due to the absence of any actual damages. Therefore, any statutory damages are an excessive fine and violate Highmark's rights under the Due Process and Takings Clause of the United States Constitution and/or applicable state constitutions. Further, even if Plaintiffs sustained any damages, the statutory damages that he seeks on behalf of the putative class constitute an excessive fine and violate Highmark's rights under the Due Process and Takings Clause of the United States Constitution and/or applicable state constitutions.

6.      Highmark alleges as an affirmative defense that Plaintiffs cannot recover damages under the TCPA to the extent that Highmark was unaware that the alleged calls were being made to Plaintiffs' cellular number.

7.      Highmark's actions were taken in good faith, in reliance upon information provided by its customers and others, and with a reasonable belief that such actions were legal, appropriate

and necessary. The conduct alleged to be in violation of any statute, if any such conduct occurred, was purely unintentional, and occurred, if at all, despite Highmark's reasonable and appropriate efforts to avoid any such violation

8.      Highmark alleges as an affirmative defense that it is immune from liability to the extent that the government provided Highmark the telephone numbers dialed.

9.      The claims of Plaintiffs and/or the putative class are barred, in whole or in part, by the doctrines of waiver, consent, acquiescence, and/or ratification.

10.     The claims of Plaintiffs and/or the putative class are barred, in whole or in part, by the doctrines of *in pari delicto* and/or unclean hands.

11.     Plaintiffs' and/or the putative class's claims are barred, in whole or in part, due to their failure to mitigate any alleged damages.

12.     Any injury or damages which may have been sustained by Plaintiffs and/or the putative class were caused by, or contributed to by, events or acts, errors or omissions of persons or entities other than Highmark, and such events, acts, errors, or omissions were an intervening and superseding cause of any injury or damages alleged.

13.     Highmark specifically denies that it acted with any willfulness, oppression, fraud, or malice towards Plaintiffs or any putative class members.

14.     Highmark alleges that it has insufficient knowledge of information on which to form a belief as to whether it may have additional, yet unstated, affirmative defenses available in this action.  Highmark therefore reserves the right to assert additional affirmative defenses in the event discovery indicates they are appropriate.

**WHEREFORE**, having fully responded to Plaintiffs' Third Amended Complaint, Highmark respectfully requests the following:

11

1.      That Plaintiffs' Third Amended Complaint be dismissed in its entirety with

prejudice;

2.      That the Court deny certification of any putative class;

3.      That the Court enter a judgment in favor of Highmark, and direct that Plaintiffs

recover nothing;

4.      That Highmark be awarded its costs and expenses, including attorney's fees, if

appropriate; and

5.      Any and all relief to which Highmark may now or hereafter be entitled.


Dated: December 1, 2022                    Respectfully submitted,


                                           */s/ Justin J. Kontul*
                                           Justin J. Kontul
                                           Pa. I.D. No. 206026
                                           Patricia E. Antezana
                                           Pa. I.D. No. 86460
                                           Tia M. McClenney
                                           Pa. I.D. No. 326547

                                           **Reed Smith LLP**
                                           Reed Smith Centre
                                           225 Fifth Avenue, Suite 1200
                                           Pittsburgh, PA 15222
                                           Main: (412) 288-3131
                                           Fax: (412) 288-3063
                                           jkontul@reedsmith.com
                                           pantezana@reedsmith.com
                                           tmcclenney@reedsmith.com

                                           Attorneys for Defendant
                                           Highmark BCBSD Health
                                           Options Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, I filed this document with the Clerk of the United States District Court, Western District of Pennsylvania by using the CM/ECF system. I further certify that it is my understanding that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Justin J. Kontul
Attorney for Defendant Highmark
BCBSD Health Options Inc.