UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER JAMES WALKER, KIM STERLING, and ERNIE FISHER** on behalf of themselves and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**HIGHMARK BCBSD HEALTH OPTIONS, INC.; COTIVITI, INC.**<br><br>**Defendant.** | Civil Case No.: 20-cv-1975<br>Hon. Christy Criswell Wiegand |

## DECLARATION OF JAMES M. PIETZ

Pursuant to 28 U.S.C. § 1746, I, James M. Pietz, hereby declare as follows:

**Background and Experience**

1. I am one of Plaintiff's co-counsel in this matter. I have acted primarily as local counsel in this matter. I submit this Declaration to show my background and experience in consumer class litigation and to provide a report on my firm's attorney's time costs of litigation expended in the prosecution of this case.

2. I have been a member in good standing of the bars of the State of Illinois since 1988 and the Commonwealth of Pennsylvania since 1989. I am admitted to practice before the United States Supreme Court as well as the Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and the District of Columbia Federal Circuit Courts of Appeal. I am also admitted to practice by the United States District Court for the Northern District of Illinois and the Western District of Pennsylvania.

3. I have been given the highest possible rating (AV) by the Martindale-Hubbell Law Directory.

1

4. I am a graduate of Marquette University (1982) and the Chicago-Kent College of Law (1987).

5. I am a member of the National Association of Consumer Advocates. https://www.consumeradvocates.org/.

6. I have practiced consumer class action law in the Pittsburgh area for the last 31 years.

7. I am currently a partner with the law firm of Feinstein Doyle Payne and Kravec, LLC. ("FDPK") (www.fdpk.com). I joined this firm as a partner on January 1, 2016 where my work focuses on representing consumers in class action litigation. A biography and background of FDPK is attached hereto as Exhibit A demonstrating the firm's experience in class action litigation.

8. Prior to joining FDPK, I practiced as the principal attorney at Pietz Law Office, LLC. From 2007 to 2015, this firm concentrated its practice in consumer protection and class action litigation. Before establishing this firm, I had been employed by the law firm of Malakoff, Doyle & Finberg, P.C. ("MDF") for 17 years from December 1989 until January 2007. MDF or its predecessors have been engaged in prosecuting class actions since 1972. Since 1990, I have concentrated my work in the prosecution of class actions in both state and federal jurisdictions around the United States.

9. After establishing Pietz Law Office in January 2007, I was appointed class action counsel in a number of consumer class actions, including cases brought under the Fair Credit Reporting Act. ("FCRA"). I was appointed class counsel in one of the first reported class certifications under the FCRA. *See Campos v. ChoicePoint Services, Inc*. 237 F.R.D. 478 (N.D.Ga. 2006) (noting that the action was one of the first cases to enforce the "file disclosure" requirement of the FCRA, and that my adequacy as class counsel was not an issue).

10. I successfully prosecuted other novel, precedent-setting class actions under the FCRA. *See, e.g., Gillespie v. Equifax*, 484 F.3d 938 (7th Cir. 2007) (finding Equifax violated the requirement that a file disclosure be "clear"). On remand the district court stated the following with respect to my adequacy as class counsel:

> Equifax does not challenge plaintiffs' contention that their lawyers are adequate to serve as class counsel because they have substantial class action experience and have handled many such cases in the Seventh Circuit and elsewhere. The Court has no doubt that plaintiffs' counsel will be able to litigate the case fairly and adequately on behalf of the proposed class.

*Gillespie v. Equifax Info. Servs., LLC*, No. 05 C 138, 2008 U.S. Dist. LEXIS 82483, at *13 (N.D. Ill. Oct. 15, 2008)

11. I was also lead counsel in a class action seeking to enforce the FCRA's requirements applicable to an employer's use of consumer reports to assess the qualifications of prospective employees. *Reardon v. Closetmaid Corp.*, 2011 WL 1628041, at *1 (W.D. Pa. Apr. 27, 2011)(memorandum opinion granting class certification). *Reardon* involved an issue of first impression of whether an employer willfully violates the FCRA by incorporating a release or waiver of rights provision within the required disclosure/consent form to be signed by the prospective employer. *Reardon v. Closetmaid Corp*, 2013 WL 6231606, at *1 (W.D. Pa. December 2, 2013).

12. In *Rossini v. PNC Fin. Servs. Grp., Inc.*, No. 2:18-cv-1370, 2020 U.S. Dist. LEXIS 113242, at *24-25 (W.D. Pa. June 26, 2020) I was appointed class counsel for settlement purposes. With respect to my qualifications as Class Counsel the Court found:

> Plaintiffs' counsel are experienced class litigators who have served as lead counsel in many class action lawsuits, including FCRA class actions. *See, e.g., Campos v. ChoicePoint Servs., Inc.*, 237 F.R.D. 478 (N.D. Ga. 2006); *Gillespie v. Equifax*, 484 F.3d 938 (7th Cir. 2007); *Reardon*, 2011 U.S. Dist. LEXIS 45373, 2011 WL 1628041. Here, the quality of counsel's briefing, their successful coordination of the class notice process, and their compliance with the Court's scheduling orders

have given no reason to question their competence. Thus, counsel's qualifications to represent the settlement classes are not [*25] in doubt.

13. The FDPK firm was appointed and worked as a member of the Plaintiffs' Steering Committee in *In Re Experian Data Breach Litigation,* 15-1592 (C.D. Cal.) where it is alleged that a data breach of a consumer reporting agency constitutes violations of the Fair Credit Reporting Act. ("FCRA").

14. I was appointed class counsel in a consumer class action involving the alleged illegal forced placement of property insurance. *Wahl v. ASIC,* 08-555 (N. D. Cal.). Pietz Law Office was co-counsel in an action, certified for settlement purposes, alleging the negligent supervision of a hospital employee *Hoyman v. UPMC* 12-16636 (Allegheny Cty. 2012). I have also been appointed in other cases raising similar allegations. *See Haluska v. Forbes,* 05-09134 (Allegheny Cty, Pa.) and *Alwine v. SHEC,* GD 12-018715.

15. I was appointed class counsel for class settlement purposes in *David Neely Law, Inc. v. MRO Corporation,* GD No. 09-012911, a class action alleging that persons in Pennsylvania or their agents were overcharged in obtaining copies of their medical records by medical record reproduction companies. I am currently class counsel in other class actions alleging the same or similar claims. These cases include *Landay v. Healthport* GD-09- 012919; *Landay vs. UPMC Presbyterian Shadyside, Case* No. GD-09-012919; *Landay vs. IOD Corporation*, Case No. GD-09-012922; *Landay vs. Magee-Womens Hospital of University of Pittsburgh Medical Center*, Case No. GD-09-014785; *Landay vs. Healthport,* 09-012923.

16. Pietz Law Office was appointed Plaintiffs' Class Counsel for purposes of a settlement class in *Vincent v. Wolpoff & Abramson*, 08-423 (W.D.Pa. 2008).

4

17. In my prior work at MDF, I was principally responsible for the prosecution of seven actions involving the allegedly illegal sale and financing of campground timeshare interests. With respect to this litigation I was certified as class counsel in the following cases: *See Zaazouh v. Bank One, C.A.*, No. 89-145 (W.D. Pa. 1989); *Conley v. Bank One*, 4:91-CV-0251 (N.D. Ohio 1991); *Rudnik v. Cortland*, 1120 of 1990 C.D. (Fayette Cty. 1990); *Gogola v. FirstSouth*, No. 1121 of 1990 (Fayette County, Pa. 1990) and *McDonagh v. GEICO Financial*, 4:93 CV 1352 (N.D. Ohio); *Isaak v. Trumbull Savings and Loan*, 4:93 CV 1121 (N.D. Ohio) and *Slentz v. Cortland*, C.A. 4:93 CV 1480 (N.D. Ohio 1993)

18. Additionally, I was principally responsible for handling the firm's prosecution of actions against Metropolitan Life Insurance Company alleging the fraudulent and deceptive sale of life insurance policies. *see, e.g., State ex. rel. Metropolitan Life v. Starcher,* 196 W.Va. 519, 474 S.E.2d 476 (1996); *Wolbert v. Metropolitan Life*, No. 95-0861 (W.D. Pa.); *Cope v. Metropolitan Life*, 82 Ohio St.3d 426, 696 N.E.2d 1001 (1998). These actions ultimately resulted in the national class settlement at *In Re: Metropolitan Life Insurance Sales Practice Litigation*, 1999 U.S. Dist. Lexis 22688, MDL No. 1091 (W.D. Pa).

19. I have also handled numerous appeals in the state and federal courts many of which involved significant, systemic issues in complex consumer class litigation. *Martin v. Franklin Capital,* 393 F.3d 1143 (10th Cir. 2004) (what standard applies under 28 U.S.C. § 1447 for awarding attorneys' fees and costs for defendants' erroneous removal); *Gayman v. Principal Life,* 311 F.3d 851 (7th Cir. 2002) (whether demutualization of life insurer pursuant to state law constitutes "state action" within the meaning of 42 U.S.C. § 1983.); *LaBarre v. Credit Acceptance,* 175 F. 3d 640 (8th Cir. 1999) (whether McCarren-Ferguson Act barred claim under RICO, 18 U.S.C. §1962(c)); *Stewart v. National Education Assoc.*, 05-7140 (D.C. Cir. 2006) (whether

demutualization consideration attributable to a group life insurance policy must be held exclusively for the benefit of the insureds under the policy).

## FDPK Attorney Fees And Costs

38. The FDPK firm, acting primarily as local counsel, reasonably expended 37.25 hours of attorney time in the prosecution of this action.

39. These hours may be categorized as follows:

Complaint/Motion Practice- 24.25

Discovery - 8.20

Settlement - 4.8

40. This information is derived from and based upon the billing and accounting records and related material maintained by my firm and documented in the ordinary course of business. The information was assembled and prepared by my staff and reviewed by me.

50. FDPK's records also show that $ 355.09 in costs were reasonably incurred in the prosecution of this action.

I declare under penalty of perjury that the foregoing is true and accurate.

Executed this 23rd day of January 2023, in Pittsburgh, Pennsylvania.

By:   s/James M. Pietz
       James M. Pietz
       Pa. I.D. 55406
       Feinstein, Doyle Payne & Kravec, LLC
       429 Fourth Avenue, Suite 1300
       Law And Finance Building
       Pittsburgh, Pa. 15219
       412-281-8400
       jpietz@fdpklaw.com