**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER JAMES WALKER,** on behalf of himself and all others similarly situated,<br><br>       **Plaintiff,**<br><br>  v.<br><br>**HIGHMARK BCBSD HEALTH OPTIONS, INC.; COTIVITI, INC.**<br><br>       **Defendant.** | Civil Case No.: 20-cv-1975<br>Hon. Christy Criswell Wiegand |

## DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN AND NOTICE

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1. My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2. I am a nationally recognized expert in the field of legal notice, and have served as an expert in hundreds of federal and state cases involving class action notice plans.

3. I am a Senior Vice-President of Epiq Class Action and Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications, a firm that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.  Hilsoft Notifications is a business unit of Epiq.[1]

4. This declaration describes the successful implementation of the Settlement Notice Plan ("Notice Plan") and notices (the "Notice" or "Notices") for *Walker v. Highmark BCBSD Health Options, Inc.; Cotiviti, Inc.*, Case No. 20-cv-1975, in the United States District Court for the Western District of Pennsylvania.  I previously executed my *Declaration of Cameron R. Azari, Esq. on Notice Plan and Notice* on November 18, 2022, which described the Notice Plan, detailed

---

[1] References to Epiq in this declaration include Hilsoft Notifications.

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN AND NOTICE**

Hilsoft's class action notice experience, and attached Hilsoft's *curriculum vitae.* I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs.

## OVERVIEW

5.      On December 13, 2022, the Court approved the Notice Plan designed by Hilsoft in the *Order Granting Plaintiffs' Motion to Certify the Class for Settlement Purposes and for Preliminary Approval of Class Action Settlement* ("Preliminary Approval Order").   In the Preliminary Approval Order, the Court preliminarily certified the following Settlement Class:

> A.      During the Class Period, all persons within the United States who are subscribers or primary users of a cellular telephone number to which Defendant Highmark BCBSD Health Options Inc. placed (or had placed on its behalf by Defendant Cotiviti, Inc.) a telephone call using a pre-recorded or artificial voice,
>
> > 1)      when such a call to that telephone number had previously resulted in (a) a "WRONG_NUMBER" disposition or (b) a "MSG_DECLINED" disposition without a subsequent disposition of "CORRECT_PERSON" or "MSG_HUMAN" and
> >
> > 2)      when at least one subsequent call to that telephone number had the disposition "WRONG_NUMBER", "MSG MACHINE", "CORRECT_PERSON",    "MSG_HUMAN",    "HANGUP", "NO_CONTINUE", or "MSG_DECLINED".
>
> B.      Excluding those persons who *only* received calls as part of a COVID Campaign, as well as Defendants and any entities in which Defendants have a controlling interest; Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families.

6.      I have reviewed the Settlement Agreement and understand that the defined terms used in the definition of the Settlement Class and subsequent exclusion from the Settlement Class mean the following.   "Class Period" means "November 30, 2016, through Preliminary Approval." "COVID Campaign" means "a campaign identified in Defendants' records as:

> (a) HHO_COVIDVAC_SP;

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN AND NOTICE**

2

(b) HHO_COVIDVAC_PEDI_SP;

(c) HHO_COVIDVAC_REM_ADULT_SP;

(d) HHO_COVIDVAC_REM_PEDI_SP; and

(e) HHO_RM_CALL_SP."

7.      After the Court's Preliminary Approval Order was entered, we began to implement the Notice Plan.  This declaration will detail the notice activities undertaken and explain how and why the Notice Plan was comprehensive and well-suited to the Settlement Class.  This declaration will also discuss the administration activity to date.  The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq.

## NOTICE PLAN SUMMARY

8.      Federal Rule of Civil Procedure, Rule 23 directs that notice must be the best notice practicable under the circumstances and must include "individual notice to all members who can be identified through reasonable effort." The Notice Plan satisfied these requirements.

9.      The Notice Plan was designed to reach the greatest practicable number of Settlement Class Members.  The Notice Plan individual notice efforts reached at least 90% of the identified Settlement Class.  The reach was further enhanced by a Settlement Website.  In my experience, the reach of the Notice Plan was consistent with other court-approved notice plans, was the best notice practicable under the circumstances of this case, and satisfied the requirements of due process, including its "desire to actually inform" requirement.[2]

## CAFA NOTICE

10.      On November 23, 2022, Epiq sent 58 CAFA Notice Packages ("CAFA Notice") on behalf of Defendants Highmark BCBSD Health Options, Inc. and Cotiviti, Inc.  as required by the

---

[2] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN AND NOTICE**

federal Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715.  The CAFA Notice was mailed via United States Postal Service ("USPS") certified mail to 57 officials (the Attorneys General of each of the 50 states, the District of Columbia, the United States Territories, and the Delaware Insurance Commissioner).  The Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.  Details regarding the CAFA Notice mailing are provided in the *Declaration of Stephanie J. Fiereck, Esq. on Implementation of CAFA Notice*, dated November 23, 2022, which is included as **Attachment 1**.

## NOTICE PLAN

### *Individual Notice*

11.     On November 10, 2022, Epiq received one data file containing 7,403 records that included telephone number information for identified Settlement Class Members.  Subsequently, on November 22, 2022, Epiq received one additional data file, which provided supplemental information regarding the telephone calls made for the 7,403 telephone numbers.  After receipt of the data, all 7,403 telephone numbers were sent to TransUnion to perform "reverse lookups" by using their extensive databases.  By completing a simple database search of each telephone number provided, TransUnion was able to match the telephone numbers to identify the most likely current physical mailing address(es) for potential Settlement Class Members.  If multiple names and/or addresses were associated with a telephone number as a result of the reverse lookups process, this information was provided to Epiq.  As a result of these efforts, 7,736 names and addresses were returned.  This Settlement Class Member data was used to provide individual notice to all 7,736 names and addresses.

### *Individual Notice – Direct Mail*

12.     On January 20, 2023, Epiq sent 7,736 Notice Packages (Class Notice and Known Settlement Class Member Claim Form with a postage, prepaid return envelope) to all identified Settlement Class Members with an associated physical address(es).  The Notice Packages were sent via USPS first-class mail.  The Class Notice included in the Notice Package clearly and

concisely summarized the case, the Settlement, and the legal rights of the Settlement Class Members.  The Notice Package included a postage, prepaid return envelope, allowing Settlement Class Members to complete and submit a claim at no cost to them.  In addition, the Class Notice directed the recipients to the Settlement Website where they could access additional information. The Class Notice is included as **Attachment 2**.  The Known Settlement Class Member Claim Form is included as **Attachment 3**.

13.    Prior to sending the Notice Packages, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS to ensure Settlement Class Member address information is up-to-date and accurately formatted for mailing.[3]    In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and were verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.  This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

14.    The return address on the Notice Packages was a post office box that Epiq maintains for this case.  The USPS automatically forwarded the Notice Package with an available forwarding address order that had not expired ("Postal Forwards").  Notice Packages returned as undeliverable were re-mailed to any new address available through USPS information, (for example, to the address provided by the USPS on returned mail pieces for which the automatic forwarding order has expired, but is still within the time period in which the USPS returns the piece with the address indicated), and to better addresses that were found using a third-party lookup service.  Upon successfully locating better addresses, Notice Packages were promptly remailed. As of April 13, 2023, Epiq has re-mailed 64 Notice Packages where a forwarding address was provided, or a better

---

[3] The NCOA database is maintained by the USPS and consists of approximately 160 million permanent change-of-address (COA) records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the Postal Service™.  The address information is maintained on the database for 48 months and reduces undeliverable mail by providing the most current address information, including standardized and delivery-point-coded addresses, for matches made to the NCOA file for individual, family, and business moves.

address was identified using a third-party lookup service.

15.     Additionally, a Class Notice and an Unknown Settlement Class Member Claim Form Notice Package were mailed to all persons who requested one via the toll-free telephone number or by mail.  As of April 17, 2023, 19 Unknown Settlement Class Member Notice Packages have been mailed as a result of such requests.  The Unknown Settlement Class Member Claim Form is included as **Attachment 4**.

### *Notice Results*

16.     As of April 17, 2023, a Notice Package was delivered to 7,683 of the 7,736 unique, identified Settlement Class Members.  This means the individual notice efforts reached approximately 99.3% of the identified potentially Settlement Class Members.

### *Settlement Website*

17.     On January 10, 2023, Epiq established a dedicated website for the Settlement with an easy to remember domain name (www.HHOTCPASettlement.com).  Relevant documents, including the Class Notice (in English and Spanish), Unknown Settlement Class Member Claim Form, Settlement Agreement, Complaint, Motion for Preliminary Approval, Preliminary Approval Order, and Motion for Attorneys' Fees and Costs are posted on the Settlement Website.  The Settlement Website also provides the ability for Settlement Class Members to file an online Claim Form.  In addition, the Settlement Website includes relevant dates, answers to frequently asked questions ("FAQs"), instructions for how Settlement Class Members may opt-out (request exclusion) from or object to the Settlement, contact information for the Claims Administrator, and how to obtain other case-related information.  The Settlement Website address was prominently displayed in all notice documents.  Settlement Class Members were also able to file a Claim Form on the Settlement Website.  The Class Notice in Spanish is included as **Attachment 5**.

18.     As of April 17, 2023, there have been 8,160 unique visitor sessions to the Settlement Website and 36,085 website pages presented.

*Toll-Free Number and Other Contact Information*

19.     On January 10, 2023, a toll-free telephone number (1-800-944-1017) was also established for the Settlement.  Callers are able to hear an introductory message and also have the option to learn more about the Settlement in the form of recorded answers to FAQs, and to request that a Class Notice and an Unknown Settlement Class Member Claim Form Notice Package be mailed to them.  This automated phone system is available 24 hours per day, 7 days per week.  During normal business hours, callers also have the option to speak to a live operator.  The toll-free telephone number was prominently displayed in all notice documents.

20.     As of April 17, 2023, there have been 209 calls to the toll-free telephone number representing 1,343 minutes of use and service agents have handled 111 incoming calls representing 1,276 minutes of use and 19 outbound calls representing 74 minutes of use.

21.     A postal mailing address was established, providing Settlement Class Members with the opportunity to request additional information or ask questions.

*Requests for Exclusion and Objections*

22.     The deadline to request exclusion from the Settlement or to object to the Settlement was March 10, 2023.  As of April 17, 2023, Epiq has received two requests for exclusion.  The Request for Exclusion Report is included as **Attachment 6**.  As of April 17, 2023, I am not aware of any objections to the Settlement.

*Claim Submissions*

23.     The deadline for Settlement Class Members to file a Claim Form was March 27, 2023.  As of April 17, 2023, Epiq has received 1,631 Claim Forms (512 online and 1,119 paper).  As standard practice, Epiq is in the process of conducting a complete review and audit of all claims received.  There is a likelihood that after detailed review, the total number of Claim Forms received will change due to duplicate and denied Claim Forms, though Epiq does not anticipate this change to be substantial.

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN AND NOTICE**

## PLAIN LANGUAGE NOTICE DESIGN

24.     The Class Notice and Claim Forms were carefully designed in consultation with counsel for the settling parties, to be "noticed," reviewed, and—by presenting the information in plain language—understood by Settlement Class Members.  The Notices contained substantial, easy-to-read summaries of all key information about Settlement Class Members' rights and options under the Settlement.  Consistent with our standard practice, all notice documents underwent a final edit for grammar and accuracy prior to dissemination.

25.     The Class Notice provided substantial information to Settlement Class Members. The Class Notice included (i) details regarding the Settlement Class Members' ability to opt out of or object to the Settlement, (ii) instructions on how to submit a Claim Form, (iii) the deadline to submit a Claim Form, opt out, or object, and (iv) the date, time, and location of the Final Approval Hearing, among other information.

## CONCLUSION

26.     In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal rules and statutes, and further by case law pertaining to notice.  This framework directs that the notice plan be designed to reach the best practicable number of potential class members and, in a settlement class action notice situation such as this, that the notice or notice plan itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way. All of these requirements were met in this case.

27.     The Notice Plan included individual notice to the identified Settlement Class Members.  The individual notice efforts of the Notice Plan reached approximately 99.3% of the Settlement Class.  The reach was further enhanced by a Settlement Website.  The Federal Judicial Center's ("FJC") Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide states that "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the Settlement Class.

It is reasonable to reach between 70–95%."[4]  Here, the Notice Plan we developed and implemented achieved a reach beyond the highest end of that standard.

28.     The Notice Plan followed the guidance for satisfying due process obligations that a notice expert gleans from the United States Supreme Court's seminal decisions, which emphasize the need: (a) to endeavor to actually inform the Settlement Class, and (b) to ensure that notice is reasonably calculated to do so:

> a.     "[W]hen notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950); and
>
> b.     "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (citing *Mullane*, 339 U.S. at 314).

29.     The Notice Plan provided the best notice practicable under the circumstances, conformed to all aspects of Federal Rule of Civil Procedure 23 regarding notice, comported with the guidance for effective notice articulated in the Manual for Complex Litigation, Fourth, and exceeded the requirements of due process, including its "desire to actually inform" requirement.

30.     The Notice Plan schedule afforded enough time to provide full and proper notice to Settlement Class Members before the opt-out and objection deadlines.

I declare under penalty of perjury that the foregoing is true and correct.  Executed April 17, 2023.

_____
Cameron R. Azari, Esq.

---

[4] FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN AND NOTICE**

# Attachment 1

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER JAMES WALKER,** on behalf of himself and all others similarly situated, | Civil Case No.: 20-cv-1975 <br> Hon. Christy Criswell Wiegand |
| **Plaintiff,** | |
| v. | |
| **HIGHMARK BCBSD HEALTH OPTIONS, INC.; COTIVITI, INC.** | |
| **Defendant.** | |

### DECLARATION OF STEPHANIE J. FIERECK, ESQ. ON IMPLEMENTATION OF CAFA NOTICE

I, STEPHANIE J. FIERECK, ESQ., hereby declare and state as follows:

1.        My name is Stephanie J. Fiereck, Esq.  I am over the age of 25 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.        I am the Director of Legal Noticing for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.  I have overseen and handled Class Action Fairness Act ("CAFA") notice mailings for more than 400 class action settlements.

3.        Epiq is a firm with more than 25 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service, claims database management, claim adjudication, funds management and distribution services.

4.         The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

DECLARATION OF STEPHANIE J. FIERECK, ESQ. ON IMPLEMENTATION OF CAFA NOTICE

## CAFA NOTICE IMPLEMENTATION

5.     At the direction of counsel for Defendants Highmark BCBSD Health Options, Inc. and Cotiviti, Inc. 58 federal and state officials (Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories, and the Delaware Insurance Commissioner) were identified to receive CAFA notice.

6.     Epiq maintains a list of these federal and state officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.     On November 23, 2022, Epiq sent 58 CAFA Notice Packages ("Notice").  The Notice was mailed via USPS Certified Mail to 57 officials (the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories, and the Delaware Insurance Commissioner).  The Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.  The CAFA Notice Service List (USPS Certified Mail and UPS) is included as **Attachment 1**.

8.     The materials sent to the federal and state officials included a Cover Letter, which provided notice of the proposed Settlement of the above-captioned case.  The Cover Letter is included as **Attachment 2**.

9.     The cover letter was accompanied by a CD, which included the following:

   a.     **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:** Class Action Complaint and Amended Complaints.

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

b.    **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:** Claim Form and Long Form Notice.

c.    **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents were included:

- Plaintiffs' Memorandum in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class;

- Settlement Agreement and Release;

- Declaration of Jeremy M. Glapion in Support of Plaintiffs' Unopposed Motion for Preliminary Approval; and

- Declaration of Cameron R. Azari, Esq. on Notice Plan and Notice.

d.    **Per 28 U.S.C. § 1715(b)(7) – Estimate of Class Members:** Class Member Geographic Location Estimate Report.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 23, 2022.

Stephanie J. Fiereck, Esq.

# **Attachment 1**

**CAFA Notice Service List**

**UPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| US Department of Justice | Merrick B. Garland | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

**CAFA Notice Service List**

**USPS Certified Mail**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | 1031 W 4th Ave | Suite 200 | Anchorage | AK | 99501 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Leslie Carol Rutledge | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Mark Brnovich | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Protection Section | 455 Golden Gate Ave Suite 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway Fl 10 | Denver | CO | 80203 |
| Office of the Attorney General | William Tong | 165 Capitol Ave | | Hartford | CT | 06106 |
| Office of the Attorney General | Karl A Racine | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Holly T Shikada | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Thomas J Miller | Hoover State Office Building | 1305 E Walnut St | Des Moines | IA | 50319 |
| Office of the Attorney General | Lawrence G Wasden | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Office of the Indiana Attorney General | Todd Rokita | Indiana Government Center South | 302 W Washington St Rm 5 | Indianapolis | IN | 46204 |
| Office of the Attorney General | Derek Schmidt | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Ave Suite 118 | | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Maura Healey | 1 Ashburton Pl 20th Fl | | Boston | MA | 02108 |
| Office of the Attorney General | Brian E Frosh | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO BOX 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St Ste 1400 | | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Eric Schmitt | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| Mississippi Attorney General | Lynn Fitch | PO Box 220 | | Jackson | MS | 39205 |
| Office of the Attorney General | Austin Knudsen | 215 N Sanders 3rd Fl | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Drew H Wrigley | 600 E Boulevard Ave Dept 125 | | Bismarck | ND | 58505 |
| Nebraska Attorney General | Doug Peterson | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Matthew J Platkin | 25 Market Street | PO Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Hector Balderas | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Aaron Ford | 100 N Carson St | | Carson City | NV | 89701 |
| Office of the Attorney General | CAFA Coordinator | 28 Liberty Street 15th Floor | | New York | NY | 10005 |
| Office of the Attorney General | Dave Yost | 30 E Broad St Fl 14 | | Columbus | OH | 43215 |
| Office of the Attorney General | John O'Connor | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Josh Shapiro | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Mark Vargo | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Jonathan Skrmetti | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | PO Box 12548 | | Austin | TX | 78711 |
| Office of the Attorney General | Sean D Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Jason S Miyares | 202 N 9th St | | Richmond | VA | 23219 |
| Office of the Attorney General | Susanne R Young | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 5th Ave Ste 2000 | | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex Bldg 1 Room E 26 | 1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 109 State Capital | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Fainu'ulei Falefatu Ala'ilima-Utu | Executive Office Building 3rd Floor | PO Box 7 | Pago Pago | AS | 96799 |
| Attorney General Office of Guam | Leevin T Camacho | Administrative Division | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Denise N George | 3438 Kronprindsens Gade Ste 2 | GERS BLDG | St Thomas | VI | 00802 |
| Delaware Department of Insurance | Trinidad Navarro | 1351 West North Street Suite 101 | | Dover | DE | 19904 |

# **Attachment 2**

**CAFA NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

November 23, 2022

**VIA UPS OR USPS CERTIFIED MAIL**

| Class Action Fairness Act – Notice to Federal and State Officials |
| --- |

Dear Federal and State Officials:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1715, please find enclosed information from Defendants Highmark BCBSD Health Options, Inc. and Cotiviti, Inc. relating to the proposed settlement of a class action lawsuit.

- **Case:** *Walker v. Highmark BCBSD Health Options, Inc.; Cotiviti, Inc.*, Case No. 20-cv-1975.

- **Court:** United States District Court Western District of Pennsylvania.

- **Defendants:** Highmark BCBSD Health Options, Inc., and Cotiviti, Inc.

- **Documents Enclosed**: In accordance with the requirements of 28 U.S.C. § 1715, please find copies of the following documents associated with this action on the enclosed CD:

  1. **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:** Class Action Complaint and Amended Complaints.

  2. **Per 28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** The Court has not scheduled a preliminary approval hearing or a final approval hearing or any other judicial hearing concerning the settlement agreement at this time.

  3. **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:** Claim Form and Long Form Notice.

  4. **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents are included:

     - Plaintiffs' Memorandum in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class;

     - Settlement Agreement and Release;

     - Declaration of Jeremy M. Glapion in Support of Plaintiffs' Unopposed Motion for Preliminary Approval; and

     - Declaration of Cameron R. Azari, Esq. on Notice Plan and Notice.

  5. **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreements:** There is no other Settlement or Agreement.

**CAFA NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

6. **Per 28 U.S.C. § 1715(b)(6) – Final Judgment or Notice of Dismissal:**  To date, the Court has not issued a final order, judgment or dismissal in the above-referenced action.

7. **Per 28 U.S.C. § 1715(b)(7) – Estimate of Class Members:** It is not feasible to determine the names of all class members that reside in each state. Accordingly, pursuant 28 U.S.C. § 1715(b)(7)(B), enclosed is a Class Member Geographic Location Estimate Report containing a reasonable estimate of the number of class members residing in each geographic location and the estimated proportionate share of the claims of such members to the entire settlement.

8. **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:**  To date, the Court has not issued a final order or judgment in the above-referenced action.

If you have questions or concerns about this notice or the enclosed materials, please contact this office.

Very truly yours,

CAFA Notice Administrator


Enclosures

Attachment 2

**If you received telephone calls made by, or on behalf of Highmark BCBSD Health Options Inc., you may be entitled to benefits under a class action Settlement**

*A federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

• A $1,850,000 Settlement has been reached in a class action lawsuit against Highmark BCBSD Health Options Inc. and Cotiviti, Inc. (collectively, the "Defendants") regarding alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The TCPA is a federal law that restricts the use of prerecorded calls. The Plaintiffs allege that Highmark Health Options violated the TCPA by placing, through their vendor Cotiviti, pre-recorded/artificial voice telephone calls to individuals without their consent. The Defendants deny the allegations in the lawsuit, and the Court has not decided who is right.

• The Settlement offers Cash Awards to Settlement Class Members who file a valid and timely claim. The amount of money you may be eligible for depends on the number of calls received.

**This Notice may affect your rights. Please read it carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | To get a Cash Award you must submit a Claim Form. | **March 27, 2023** |
| **EXCLUDE YOURSELF** | Get no Settlement benefits, including a Cash Award. Keep your right to file your own lawsuit against the Defendants about the legal claims in this case. | **March 10, 2023** |
| **OBJECT** | Tell the Court why you do not like the Settlement. You will still be bound by the Settlement if the Court approves it. | **March 10, 2023** |
| **DO NOTHING** | Get no Settlement benefits, including a Cash Award. Be bound by the Settlement. | |

• These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

• The Court in charge of this case must still decide whether to approve the Settlement and the requested attorneys' fees and costs. No Settlement benefits or payments will be provided unless the Court approves the Settlement, and it becomes final.

**Questions? Go to www.hhotcpasettlement.com or call 1-800-944-1017**

AH9581 v.04

1

**BASIC INFORMATION** ................................................................................................................ **3**
    1.  Why is this Notice being provided?
    2.  What is this lawsuit about?
    3.  Why is the lawsuit a class action?
    4.  Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?** ............................................................................ **3**
    5.  How do I know if I am part of the Settlement?
    6.  Are there exceptions to being included in the Settlement?
    7.  What if I am still not sure whether I am part of the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** .......................................... **4**
    8.  What does the Settlement provide?
    9.  How do I submit a claim for Cash Award?
    10.  What am I giving up to receive Settlement benefits or stay in the Settlement Class?
    11.  What are the Released Claims?

**HOW TO GET BENEFITS FROM THE SETTLEMENT** ............................................................... **5**
    12.  How do I make a claim for Settlement benefits?
    13.  What happens if my contact information changes after I submit a claim?
    14.  When will I receive my Settlement benefits?

**THE LAWYERS REPRESENTING YOU** ..................................................................................... **6**
    15.  Do I have a lawyer in this case?
    16.  How will Class Counsel be paid?

**OPTING OUT FROM THE SETTLEMENT** .................................................................................. **6**
    17.  How do I get out of the Settlement?
    18.  If I opt out, can I get anything from the Settlement?
    19.  If I do not opt out, can I sue the Defendants for the same thing later?

**OBJECTING TO THE SETTLEMENT** ......................................................................................... **7**
    20.  How do I tell the Court that I do not like the Settlement?
    21.  What is the difference between objecting and asking to opt out?

**THE FINAL APPROVAL HEARING** ............................................................................................ **7**
    22.  When and where will the Court decide whether to approve the Settlement?
    23.  Do I have to attend the Final Approval Hearing?
    24.  May I speak at the Final Approval Hearing?

**IF YOU DO NOTHING** ............................................................................................................ **8**
    25.  What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................................................. **8**
    26.  How do I get more information?

**Questions? Go to www.hhotcpasettlement.com or call 1-800-944-1017**

AH9582 v.04

2

# BASIC INFORMATION

### 1.     Why is this Notice being provided?

A federal court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to get them.

The Honorable Christy Criswell Wiegand of the United States District Court of the Western District of Pennsylvania is overseeing this class action known as *Walker v. Highmark BCBSD Health Options, Inc.; Cotiviti, Inc.*, Case No. 20-cv-1975 (the "Action"). The people who filed this lawsuit are called the "Plaintiffs" or "Class Representatives" and the companies they sued, Highmark BCBSD Health Options Inc. ("Highmark Health Options") and Cotiviti, Inc. ("Cotiviti") are collectively known as the "Defendants."

### 2.     What is this lawsuit about?

The Plaintiffs allege violations of the Telephone Consumer Protection Act ("TCPA") arising from certain calls made by, or on behalf of, Highmark Health Options. The TCPA is a federal law that restricts the use of prerecorded telephone calls. The Plaintiffs allege that Highmark Health Options violated the TCPA by placing, through its vendor Cotiviti, pre-recorded/artificial voice telephone calls to individuals without their consent.

The Defendants deny any wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing, or that any law has been violated. The Defendants deny these and all other claims made in the litigation. By entering the Settlement, the Defendants are not admitting any wrongdoing.

### 3.     Why is the lawsuit a class action?

In a class action, Class Representatives sue on behalf of all people who have similar claims. Together, all these people are called a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those Settlement Class Members who timely exclude themselves (opt out) from the Settlement Class. The Class Representatives in this case are Plaintiffs Christopher Walker, Kim Sterling, and Ernie Fisher.

### 4.     Why is there a Settlement?

Plaintiffs and the Defendants do not agree about the claims made in this litigation. The litigation has not gone to trial, and the Court has not decided in favor of the Plaintiffs or the Defendants. Instead, the Plaintiffs and the Defendants have agreed to settle the litigation. The Plaintiffs and the attorneys for the Settlement Class ("Class Counsel") believe the Settlement is best for all Settlement Class Members because of the Settlement benefits and the risks and uncertainty associated with continued litigation and the nature of the defenses raised by the Defendants.

# WHO IS INCLUDED IN THE SETTLEMENT?

### 5.     How do I know if I am part of the Settlement?

You are a Settlement Class Member if you were the subscriber or primary user of a cellular telephone number that received prerecorded/artificial voice calls from or on behalf of Defendant Highmark Health Options Inc. You are a Settlement Class Member if your cellular telephone number (or a cellular telephone number currently or previously associated with you) has been identified as meeting the following definition:

A.  During the Class Period (November 30, 2016, through December 13, 2022), all persons within the United States who are subscribers or primary users of a cellular telephone number to which Defendant Highmark BCBSD Health Options Inc. placed (or had placed on its behalf by Defendant Cotiviti, Inc.) a telephone call using a pre-recorded or artificial voice,

  1)  when such a call to that cellular telephone number had previously resulted in (a) a "WRONG_NUMBER" disposition or (b) a "MSG_DECLINED" disposition without a subsequent disposition of "CORRECT_PERSON" or "MSG_HUMAN" and

**Questions? Go to www.hhotcpasettlement.com or call 1-800-944-1017**

AH9583 v.04

3

2) when at least one subsequent call to that cellular telephone number had the disposition "WRONG_NUMBER", "MSG_MACHINE", "CORRECT_PERSON", "MSG_HUMAN", "HANGUP", "NO_CONTINUE", or "MSG_DECLINED".

This means you are a Settlement Class Member if from November 30, 2016, through December 13, 2022, a call with a pre-recorded message was made by the Defendants to your cellular telephone number and this call was answered, and a previous call possibly indicated or should have indicated a wrong number was reached, and, possibly, there was no subsequent notation that the correct number was reached.

You do not need to know if calls placed to you actually resulted in one of the dispositions listed above. If you have received a notice, your cellular telephone number (or a cellular telephone number currently or previously associated with you) has already been identified as qualifying.

## 6.   Are there exceptions to being included in the Settlement?

Yes. Excluded from the Settlement Class are those persons who *only* received calls as part of a COVID Campaign; Defendants and any entities in which Defendants have a controlling interest; Defendants' agents and employees; and any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families.

## 7.   What if I am still not sure whether I am part of the Settlement?

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement Website at www.hhotcpasettlement.com or call the Claims Administrator's toll-free number at 1-800-944-1017.

# THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

## 8.   What does the Settlement provide?

If you are a Settlement Class Member and submit a valid and timely claim, you may be eligible to receive a Cash Award. The Defendants have agreed to pay or cause to be paid $1,850,000 to create a "Settlement Fund." The Settlement Fund will be used to pay approved Claims and all Settlement Costs (any incentive payment to the Class Representatives, any awarded attorneys' fees and costs, and any costs associated with the administration of this Settlement).

Your Cash Award will be a *pro rata* (meaning proportional) share of all Eligible Calls claimed during the Claims Period. An Eligible Call is a prerecorded call made after a disposition in Defendants' records identified in (A)(1) of the Settlement Class definition (see question 5).

What this means is that your Cash Award, if any, will be determined by the following formula: (Settlement Fund – Settlement Costs) ÷ (Total Number of Calls Made to Settlement Class Members who submit a claim) = Cash Award Per Call. This is subject to possible adjustments if multiple persons make a claim for the same unique cellular telephone number.

For example, if there is $1,000,000 in the Settlement Fund after Settlement Costs, and there are 1,000 Settlement Class Members who make valid and timely claims, whose combined total number of Eligible Calls is 20,000, the *pro rata* share would be $50 per Call (i.e. $1,000,000 ÷ 20,000).

In this example, someone who received 20 Eligible Calls would receive $1,000. This example is for illustrative purposes only. Your Cash Award, if any, may be significantly more or significantly less than the above.

If multiple people make a claim for the same unique cellular telephone number, the Claims Administrator will contact each person who submitted a claim to obtain the approximate month and year of when each person was the subscriber or primary user of the cellular telephone number to determine the payment to the Settlement Class Members.

## 9.   How do I submit a claim for a Cash Award?

Settlement Class Members seeking a Cash Award must complete and submit a Claim Form to the Claims Administrator by **March 27, 2023**. Claim Forms can be submitted online at www.hhotcpasettlement.com or by mail. If by mail, the Claim Form must be **postmarked** by **March 27, 2023**.

**Questions? Go to www.hhotcpasettlement.com or call 1-800-944-1017**

You should file a single Claim Form for each unique cellular telephone number on which you received telephone calls, regardless of the number of times you were called on a particular cell number.

## 10.   What am I giving up to receive Settlement benefits or stay in the Settlement Class?

Unless you exclude yourself (opt out), you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all Court orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against the Defendants and Released Parties about the legal issues in this litigation that are released by this Settlement. The specific rights you are giving up are called "Released Claims."

## 11.   What are the Released Claims?

The Settlement Agreement in Section XII describes the Release of Claims, in necessary legal terminology, so please read this section carefully. The Settlement Agreement is available at www.hhotcpasettlement.com or in the public Court records on file in this lawsuit. For questions regarding the Released Parties or Released Claims and what the language in the Settlement Agreement means, you can also contact Class Counsel listed in Question 15 for free, or you can talk to your own lawyer at your own expense. You should not contact Defendants directly with questions about the settlement.

# HOW TO GET BENEFITS FROM THE SETTLEMENT

## 12.   How do I make a claim for Settlement benefits?

To submit a claim for a Cash Award you must timely submit a valid Claim Form. Settlement Class Members seeking benefits under the Settlement must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before **March 27, 2023**. Claim Forms may be submitted online at www.hhotcpasettlement.com or printed from the Settlement Website and mailed to the Claims Administrator at the address on the Form. The quickest way to submit a claim is online. Paper Claim Forms are also available by calling 1-800-944-1017 or by writing to:

Walker v. Highmark Health Options Claims Administrator
P.O. Box 3937
Portland, OR 97208-3937

## 13.   What happens if my contact information changes after I submit a claim?

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Claims Administrator of your updated information. You may notify the Claims Administrator of any changes by calling 1-800-944-1017 or by writing to:

Walker v. Highmark Health Options Claims Administrator
P.O. Box 3937
Portland, OR 97208-3937

## 14.   When will I receive my Settlement benefits?

If you file a timely and valid Claim Form, payment will be provided by the Claims Administrator after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.hhotcpasettlement.com for updates.

**Questions? Go to www.hhotcpasettlement.com or call 1-800-944-1017**

AH9585 v.04

5

# THE LAWYERS REPRESENTING YOU

## 15.   Do I have a lawyer in this case?

Yes, the Court has appointed Jeremy M. Glapion of The Glapion Law Firm, LLC as Class Counsel to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this litigation.

## 16.   How will Class Counsel be paid?

Class Counsel will file a motion asking the Court to award attorneys' fees and costs not to exceed 1/3 of the Settlement Fund, plus Class Counsel's actual expenses. They will also ask the Court to approve an incentive payment, not to exceed $10,000, to Plaintiff Walker, and incentive payments not to exceed $2,500 to Plaintiffs Sterling and Fisher for their involvement in this litigation and for their efforts in achieving the Settlement. If awarded by the Court, attorneys' fees and costs and the incentive awards will be paid out of the Settlement Fund. The Court may award less than these amounts.

Class Counsel's application for attorneys' fees, costs, and service awards will be made available on the settlement website at www.hhotcpasettlement.com before the deadline for you to comment or object to the Settlement.

# OPTING OUT OF THE SETTLEMENT

If you are a Settlement Class Member and want to keep any right you may have to sue or continue to sue the Defendants on your own based on the claims raised in this litigation or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from or "opting out" of the Settlement.

## 17.   How do I get out of the Settlement?

To opt out of the Settlement, you must mail a written notice to the Claims Administrator of your intent to opt out. The written notice must be signed, include your full name, address, telephone number, and the cellular telephone number(s) called by Defendants and clearly state that you wish to be excluded from the Settlement Class.

The opt out request must be **postmarked** and sent to the Claims Administrator at the following address by **March 10, 2023**:

Walker v. Highmark Health Options Claims Administrator
Exclusions
P.O. Box 3937
Portland, OR 97208-3937

You cannot exclude yourself by telephone or by email.

## 18.   If I opt out, can I get anything from the Settlement?

No. If you opt out, you are telling the Court you do not want to be part of the Settlement. You can only get Settlement benefits if you stay in the Settlement.

## 19.   If I do not opt out, can I sue the Defendants for the same thing later?

No. Unless you opt out, you give up any right to sue the Defendants and Released Parties for the claims this Settlement resolves and Releases. You must opt out of this litigation to start or continue with your own lawsuit or be part of any other lawsuit against the Defendants, or any of the Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

**Questions? Go to www.hhotcpasettlement.com or call 1-800-944-1017**

AH9586 v.04

6

# OBJECTING TO THE SETTLEMENT

**20.   How do I tell the Court that I do not like the Settlement?**

If you are a Settlement Class Member, you can tell the Court you do not agree with all or any part of the Settlement or requested attorneys' fees and costs. You can also give reasons why you think the Court should not approve the Settlement or attorneys' fees and costs. To object, you must file timely written notice with the Court as provided below no later than **March 10, 2023**, stating you object to the Settlement. The objection must include all the following additional information:

(1)   Your full name, address and telephone number;
(2)   The cellular telephone number(s) called by Defendants (if different);
(3)   The reasons for your objection;
(4)   The name of counsel for the objection (if any);
(5)   Information about other objections you or your counsel have made in other class action cases in the last four (4) years; and
(6)   Whether you intend to appear at the Final Approval Hearing on your own behalf or through counsel. Any documents supporting the objection must also be attached to the objection.

Your objection must be submitted to the Court either by filing it with the Court or by mailing it via U.S. Mail to the Court so that it is **received** by **March 10, 2023**, to the following address:

Clerk of Court
United States District Court
Western District of Pennsylvania
700 Grant Street
Pittsburgh, PA 15219

**21.   What is the difference between objecting and asking to opt out?**

Objecting is simply telling the Court you do not like something about the Settlement or requested attorneys' fees and costs. You can object only if you stay in the Settlement Class (meaning you do not opt out of the Settlement). Opting out of the Settlement is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you opt out, you cannot object to the Settlement.

# THE FINAL APPROVAL HEARING

**22.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on **May 2, 2023, at 1:00 p.m. Eastern** before Judge Christy Criswell Wiegand at United State District Court, Western District of Pennsylvania, Joseph F. Weis, Jr. U.S. Courthouse, Courtroom 9B, 700 Grant Street, Pittsburgh, PA 15219.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve the Settlement, Class Counsels' application for attorneys' fees and costs, and the incentive payments to the Plaintiffs. If there are objections, the Court will consider them. The Court may also listen to people who have asked to speak at the hearing.

<u>Note</u>: The date and time of the Final Approval Hearing are subject to change. The Court may also decide to hold the hearing via Zoom or by telephone. Any change will be posted at www.hhotcpasettlement.com.

**23.   Do I have to attend to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to speak about it. As long as you file or mail your written objection on time, the Court will consider it.

**Questions? Go to www.hhotcpasettlement.com or call 1-800-944-1017**

## 24.   May I speak at the Final Approval Hearing?

Yes, as long as you do not exclude yourself (opt out), you can (but do not have to) participate and speak for yourself in this litigation and Settlement. This is called making an appearance. You also can have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

If you want to appear, or if you want your own lawyer instead of Class Counsel to speak for you at the hearing, you must follow all of the procedures for objecting to the Settlement listed in Section IX and specifically include a statement whether you and your counsel will appear at the Final Approval Hearing.

# IF YOU DO NOTHING

## 25.   What happens if I do nothing at all?

f you are a Settlement Class Member and you do nothing, you will not receive any Settlement benefits. You will give up the rights explained in the "Opting Out from the Settlement" section of this Notice (see questions 10 and 19 above), including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants, the Released Parties about the legal issues in this litigation that are released by the Settlement Agreement.

# GETTING MORE INFORMATION

## 26.   How do I get more information?

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.hhotcpasettlement.com, by calling 1-800-944-1017 or by writing to:

Walker v. Highmark Health Options Claims Administrator
P.O. Box 3937
Portland, OR 97208-3937

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**

**Questions? Go to www.hhotcpasettlement.com or call 1-800-944-1017**

AH9588 v.04

8

Attachment 3

Unique ID: ▮▮▮▮▮▮▮

## WALKER v. HIGHMARK BCBSD HEALTH OPTIONS, INC.
## CLASS ACTION SETTLEMENT CLAIM FORM

TO RECEIVE A PAYMENT FROM THE SETTLEMENT FUND, YOU MUST COMPLETE A CLAIM FORM AND SUBMIT IT BY MARCH 27, 2023.

**IMPORTANT NOTE:** You may submit a claim online at www.hhotcpasettlement.com. If you choose instead to complete this paper Claim Form, return it using the prepaid return envelope included with this mailing or send to the address listed below.

Please only submit <u>one</u> Claim Form for ▮▮▮▮▮▮

## STEP 1 - DIRECTIONS

Fill out the boxes with the information requested below. Please print legibly. Then review the information and sign the certification.

Settlement amounts, if any, will be paid only to the person listed below, at the address listed below.

## STEP 2 – CLAIMANT INFORMATION

Fill out for the subscriber or primary user of ▮▮▮▮▮ (at any point since November 30, 2016) that received pre-recorded calls from Highmark Health Options:

First Name | MI | Last Name

Current Mailing Address

City | State | ZIP Code

Email (*optional*)

Telephone number (if different than ▮▮▮▮▮)

## STEP 3 – CERTIFICATION

By submitting this Claim Form, I hereby certify that:

I am the person listed above and I am, or was at some point since November 30, 2016, the subscriber or primary user of ▮▮▮▮▮ and I recall receiving prerecorded calls made by or on behalf of Highmark Health Options.

*I certify that the above statement is true and correct, and that this is the only Claim Form that I have submitted and/or will submit in connection with* ▮▮▮▮▮. *I understand that I may be contacted by the Claims Administrator to provide additional information as necessary to process any payment under the settlement.*

Unique ID:

## WALKER v. HIGHMARK BCBSD HEALTH OPTIONS, INC.
## CLASS ACTION SETTLEMENT CLAIM FORM

Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature

Date: [ MM ] – [ DD ] – [ YYYY ]

Print Name

## METHODS OF SUBMISSION

You may fill out and submit this form online at www.hhotcpasettlement.com

You may also submit this paper form by mail using the prepaid return envelope, or by sending the completed and signed form in a different envelope, postage prepaid, via U.S. Mail to:

Walker v. Highmark Health Options Claims Administrator
P.O. Box 3937
Portland, OR 97208-3937

**Your submission must be postmarked no later than March 27, 2023.**

Questions? Visit **www.hhotcpasettlement.com** or call **1-800-944-1017**.

02-CA40059964
AH9592 v.03

2

Attachment 4


*400599649999999991*

## WALKER v. HIGHMARK BCBSD HEALTH OPTIONS, INC.
## CLASS ACTION SETTLEMENT CLAIM FORM

TO RECEIVE A PAYMENT FROM THE SETTLEMENT FUND, YOU MUST COMPLETE A CLAIM FORM AND SUBMIT IT BY MARCH 27, 2023.

**IMPORTANT NOTE:** You may submit a claim online at www.hhotcpasettlement.com. If you choose instead to complete this paper Claim Form, return it using the prepaid return envelope included with this mailing or send to the address listed below.

Please only submit <u>one</u> Claim Form per Phone Number.

---

### STEP 1 - DIRECTIONS

Fill out the boxes with the information requested below. Please print legibly. Then review the information and sign the certification.

Settlement amounts, if any, will be paid only to the person listed below, at the address listed below.

---

### STEP 2 – CLAIMANT INFORMATION

Fill out for the subscriber or primary user of the telephone number (at any point since November 30, 2016) that received pre-recorded calls from Highmark Health Options:

First Name                                    MI    Last Name

Current Mailing Address

City                                          State    ZIP Code

Email (*optional*)

Telephone number that received the calls:          Current contact phone number:

---

### STEP 3 – CERTIFICATION

By submitting this Claim Form, I hereby certify that:

I am the person listed above and I am, or was at some point since November 30, 2016, the subscriber or principal user of the telephone number listed in Step 2 and I recall receiving prerecorded calls made by or on behalf of Highmark Health Options.

*I certify that the above statement is true and correct and that this is the only Claim Form that I have submitted and/or will submit in connection with the telephone number provided in Step 2.  I understand that I may be contacted by the Claims Administrator to provide additional information as necessary to process any payment under the settlement.*


*400599649999999991*

### WALKER v. HIGHMARK BCBSD HEALTH OPTIONS, INC.
### CLASS ACTION SETTLEMENT CLAIM FORM

Under penalty of perjury, all information provided in this Claim Form is true and correct to the best of my knowledge and belief.

|  |
|---|

Signature

Date: [ ] [ ] – [ ] [ ] – [ ] [ ] [ ] [ ]
MM      DD        YYYY

|  |
|---|

Print Name

## METHODS OF SUBMISSION

<u>You may fill out and submit this form online at</u> www.hhotcpasettlement.com

You may also submit this paper form by mail using the prepaid return envelope, or by sending the completed and signed form in a different envelope, postage prepaid, via U.S. Mail to:

Walker v. Highmark Health Options Claims Administrator
P.O. Box 3937
Portland, OR 97208-3937

**Your submission must be postmarked no later than March 27, 2023.**

Questions? Visit **www.hhotcpasettlement.com** or call **1-800-944-1017**.

02-CA40059964
AI0112 v.04

Attachment 5

# Si recibió llamadas telefónicas realizadas por Highmark BCBSD Health Options Inc. o en su nombre, es posible que usted tenga derecho a recibir beneficios en virtud de una Conciliación de demanda colectiva.

*Un tribunal federal ha autorizado este Aviso. Esto no es una solicitud de un abogado.*

- Se ha acordado una Conciliación de $1,850,000 en una demanda colectiva contra Highmark BCBSD Health Options Inc. y Cotiviti, Inc. (colectivamente, los "Demandados") con respecto a presuntas infracciones de la Ley de Protección al Consumidor de Servicios Telefónicos, Título 47 del U.S.C. sección 227 (Telephone Consumer Protection Act, "TCPA"). La TCPA es una ley federal que restringe el uso de llamadas pregrabadas. Los Demandantes alegan que Highmark Health Options infringió la TCPA realizando, a través de su proveedor Cotiviti, llamadas telefónicas de voz pregrabadas/artificiales a personas sin su consentimiento. Los Demandados niegan las acusaciones en el juicio y el Tribunal no ha resuelto quién tiene razón.

- La Conciliación ofrece pagos en efectivo a los Miembros del Grupo de la Conciliación que presenten reclamaciones válidas y oportunas. La cantidad de dinero para la que usted podría ser elegible depende de la cantidad de llamadas recibidas.

**Este aviso puede afectar sus derechos. Léalo con atención.**

| Sus opciones y derechos legales | | Fecha límite |
|---|---|---|
| **PRESENTAR UN FORMULARIO DE RECLAMACIÓN** | Para obtener un pago en efectivo, usted debe presentar un Formulario de Reclamación. | **27 de marzo de 2023** |
| **CÓMO EXCLUIRSE** | No recibir beneficios de la Conciliación, incluido un pago en efectivo. Conservar su derecho de presentar su propia demanda contra los Demandados en relación con las reclamaciones legales de este caso. | **10 de marzo de 2023** |
| **OBJETAR** | Comunicarle al Tribunal por qué a usted no le agrada la Conciliación. Usted seguirá estando obligado por la Conciliación si el Tribunal lo aprueba.. | **10 de marzo de 2023** |
| **NO HACER NADA** | No recibir beneficios de la Conciliación, incluido un pago en efectivo. Está obligado por la Conciliación. | |

- Estos derechos y estas opciones, **y las fechas límite para ejercerlos**, se explican en este Aviso.

- El Tribunal a cargo de este caso aún debe decidir si aprueba la Conciliación así como los honorarios y costos solicitados de los abogados. No se brindará ningún beneficio ni pago de la Conciliación hasta que el Tribunal apruebe la Conciliación y esta se considere definitiva.

**¿Tiene alguna pregunta? Visite www.hhotcpasettlement.com o llame al 1-800-944-1017**

**INFORMACIÓN BÁSICA** ............................................................................................ **3**

    1. ¿Por qué se proporciona este Aviso?

    2. ¿De qué trata esta demanda?

    3. ¿Por qué esta demanda se considera una demanda colectiva?

    4. ¿Por qué existe una Conciliación?

**¿QUIÉNES ESTÁN INCLUIDOS EN LA CONCILIACIÓN?** ........................................... **4**

    5. ¿Cómo sé si formo parte de la Conciliación?

    6. ¿Existen excepciones para ser incluido en la Conciliación?

    7. ¿Qué ocurre si aún no estoy seguro de ser parte de la Conciliación?

**LOS BENEFICIOS DE LA CONCILIACIÓN: QUÉ OBTIENE SI REÚNE LOS REQUISITOS** .......... **5**

    8. ¿Qué establece la Conciliación?

    9. ¿Cómo presento una reclamación de Pago en efectivo?

    10. ¿A qué renuncio para recibir los beneficios de la Conciliación o permanecer en el Grupo de la Conciliación?

    11. ¿Cuáles son las Reclamaciones exentas?

**CÓMO OBTENER LOS BENEFICIOS DE LA CONCILIACIÓN** ...................................... **6**

    12. ¿Cómo realizo una reclamación de los beneficios de la Conciliación?

    13. ¿Qué sucede si mi información de contacto cambia después de que presento una reclamación?

    14. ¿Cuándo recibiré mis beneficios de la Conciliación?

**LOS ABOGADOS QUE LO REPRESENTAN** ............................................................... **7**

    15. ¿Tengo un abogado en este caso?

    16. ¿Cómo se les pagará a los Abogados del Grupo de Demandantes?

**OPTAR POR EXCLUIRSE DE LA CONCILIACIÓN** ..................................................... **7**

    17. ¿Cómo me excluyo de la Conciliación?

    18. Si me excluyo, ¿puedo obtener algo de la Conciliación?

    19. Si no me excluyo, ¿puedo iniciar acciones legales contra los Demandados por lo mismo más adelante?

**OBJECIONES A LA CONCILIACIÓN** .......................................................................... **8**

    20. ¿Cómo le informo al Tribunal que no estoy conforme con la Conciliación?

    21. ¿Cuál es la diferencia entre presentar una objeción y pedir la exclusión?

**LA AUDIENCIA DE APROBACIÓN DEFINITIVA** ........................................................ **9**

    22. ¿Cuándo y dónde decidirá el Tribunal si aprueba la Conciliación?

    23. ¿Tengo que asistir a la Audiencia de Aprobación Definitiva?

    24. ¿Puedo declarar en la Audiencia de Aprobación Definitiva?

**SI DECIDE NO HACER NADA** .................................................................................. **9**

    25. ¿Qué sucede si no hago nada?

**CÓMO OBTENER MÁS INFORMACIÓN** ...................................................................**10**

    26. ¿Cómo puedo obtener más información?

**¿Tiene alguna pregunta? Visite www.hhotcpasettlement.com o llame al 1-800-944-1017**

**2**

# INFORMACIÓN BÁSICA

## 1.  ¿Por qué se proporciona este Aviso?

Un tribunal federal autorizó este Aviso porque usted tiene el derecho de conocer acerca de la Conciliación propuesta en esta demanda colectiva y sobre todos sus derechos y opciones antes de que el Tribunal decida si dará la aprobación final de la Conciliación. En este Aviso, se explican la demanda, la Conciliación, sus derechos legales, los beneficios disponibles, quiénes reúnen los requisitos para recibir los beneficios y cómo obtenerlos.

El honorable Christy Criswell Wiegand del Tribunal de Distrito de los Estados Unidos del Distrito Occidental de Pensilvania está supervisando esta demanda colectiva conocida como *Walker v. Highmark BCBSD Health Options, Inc.; Cotiviti, Inc.*, Caso n.º 20-cv-1975 (la "Demanda"). Las personas que presentaron esta demanda se denominan "Demandantes" o "Representantes del grupo de demandantes" y las empresas a las que demandaron, Highmark BCBSD Health Options Inc. ("Highmark Health Options") y Cotiviti, Inc. ("Cotiviti") se conocen colectivamente como los "Demandados".

## 2.  ¿De qué trata esta demanda?

Los Demandantes alegan infracciones de la Ley de Protección al Consumidor de Servicios Telefónicos ("TCPA") derivadas de determinadas llamadas realizadas y enviadas por Highmark Health Options o en su nombre. La TCPA es una ley federal que restringe el uso de llamadas telefónicas pregrabadas. Los Demandantes alegan que Highmark Health Options infringió la TCPA realizando, a través de su proveedor Cotiviti, llamadas telefónicas de voz pregrabadas/artificiales a personas sin su consentimiento.

Los Demandados niegan cualquier infracción y ningún tribunal ni ninguna otra entidad ha emitido un juicio ni otra determinación de ninguna infracción o de que se haya violado alguna ley. Los Demandados niegan estos y todas las demás reclamaciones realizadas en el litigio. Al aceptar la Conciliación, los Demandados no admiten haber cometido algún delito.

## 3.  ¿Por qué esta demanda se considera una demanda colectiva?

En una demanda colectiva, los Representantes del Grupo de Demandantes demandan en nombre de todas las personas que tienen reclamaciones similares. En conjunto, todas estas personas se denominan un "Grupo de Demandantes de la Conciliación" o "Miembros del Grupo de Demandantes de la Conciliación". Un tribunal resuelve las cuestiones para todos los Miembros del Grupo de Demandantes de la Conciliación, excepto aquellos que se excluyen (eligen excluirse) del Gripo de Demandantes de la Conciliación en forma oportuna. Los Representantes del Grupo de Demandantes en este caso son los Demandantes Christopher Walker, Kim Sterling y Ernie Fisher.

## 4.  ¿Por qué existe una Conciliación?

Los Demandantes y los Demandados no se ponen de acuerdo sobre los reclamos realizados en este litigio. El litigio no se elevó a juicio y el Tribunal no ha tomado ninguna decisión a favor de los Demandantes ni de los Demandados. En su lugar, los Demandantes y los Demandados acordaron resolver el litigio. Los Demandantes y los abogados del Grupo de Demandantes de la Conciliación ("Abogados del Grupo de Demandantes") consideran que la Conciliación es lo mejor para todos los Miembros del Grupo de Demandantes de la Conciliación debido a los beneficios de la Conciliación y a los riesgos y la incertidumbre asociados con la continuación del litigio y la naturaleza de las defensas presentadas por los Demandados.

# ¿QUIÉNES ESTÁN INCLUIDOS EN LA CONCILIACIÓN?

## 5. ¿Cómo sé si formo parte de la Conciliación?

Usted es un Miembro del Grupo de Demandantes de la Conciliación si era el suscriptor o usuario principal de un número de teléfono celular que recibió llamadas de voz pregrabadas/artificiales de o en nombre del Demandado Highmark Health Options Inc. Usted es Miembro del Grupo de Demandantes de la Conciliación si se ha identificado que su número de teléfono celular (o un número de teléfono celular actual o anteriormente asociado con usted) cumple con la siguiente definición:

  A.  Durante el Periodo de la demanda colectiva (del 30 de noviembre de 2016 al 13 de diciembre de 2022), todas las personas dentro de los Estados Unidos que sean suscriptores o usuarios principales de un número de teléfono celular al que el Demandado Highmark BCBSD Health Options Inc. realizó (o hizo realizar en su nombre por el Demandado Cotiviti, Inc.) una llamada telefónica utilizando una voz pregrabada o artificial,

    1)  cuando dicha llamada a ese número de teléfono celular había dado lugar previamente a (a) una disposición "WRONG_NUMBER" o (b) una disposición "MSG_DECLINED" sin una disposición posterior de "CORRECT_PERSON" o "MSG_HUMAN" y

    2)  cuando al menos una llamada posterior a ese número de teléfono celular tuviera la disposición "WRONG_NUMBER", "MSG_MACHINE", "CORRECT_PERSON", "MSG_HUMAN", "HANGUP", "NO_CONTINUE" o "MSG_DECLIND".

Esto significa que usted es un Miembro del Grupo de Demandantes de la Conciliación si, desde el 30 de noviembre de 2016 hasta el 13 de diciembre de 2022, los Demandados realizaron una llamada con un mensaje pregrabado a su número de teléfono celular y esta llamada fue contestada, y una llamada anterior posiblemente indicó o debería haber indicado que se alcanzó un número incorrecto y, posiblemente, no hubo ninguna notación posterior de que se alcanzó el número correcto.

No es necesario que usted sepa si las llamadas que se le realizaron en realidad dieron lugar a una de las disposiciones enumeradas anteriormente. Si usted ha recibido un aviso, su número de teléfono celular (o un número de teléfono celular asociado a usted actualmente o con anterioridad) ya ha sido identificado como elegible.

## 6. ¿Existen excepciones para ser incluido en la Conciliación?

Sí. Quedan excluidas de la Conciliación de demanda colectiva aquellas personas que *solo* recibieron llamadas como parte de una Campaña de COVID; los Demandados y cualquier entidad en la que los Demandados tengan una participación mayoritaria; los agentes y empleados de los Demandados; y cualquier Juez y Juez Magistrado a quien se asigne esta acción y cualquier miembro de su personal y familiares inmediatos.

## 7. ¿Qué ocurre si aún no estoy seguro de ser parte de la Conciliación?

Si aún no está seguro de si es Miembro del Grupo de Demandantes de la Conciliación, puede visitar el sitio web de la Conciliación en www.hhotcpasettlement.com, o llamar al número gratuito del Administrador de Reclamaciones al 1-800-944-1017.

# Los beneficios de la Conciliación: qué obtiene si reúne los requisitos

| | |
|---|---|
| **8.  ¿Qué establece la Conciliación?** | |

Si usted es un Miembro del Grupo de Demandantes de la Conciliación y presenta una reclamación válida y oportuna, es posible que sea elegible para recibir un Pago en efectivo. Los Demandados han aceptado pagar o hacer que se paguen $1,850,000 para crear un "Fondo de la Conciliación". El Fondo de la Conciliación se utilizará para pagar las Reclamaciones aprobadas y todos los Costos de la Conciliación (cualquier pago de incentivo a los Representantes del Grupo de Demandantes, los honorarios y costos de abogados adjudicados y cualquier otro costo asociado con la administración de esta Conciliación).

Su Pago en efectivo será una participación *prorrateada* (es decir, proporcional) de todas las Llamadas elegibles reclamadas durante el Período de reclamaciones. Una llamada elegible es una llamada pregrabada realizada después de una disposición en los registros de los Demandados identificados en (A)(1) de la definición de la Conciliación de Demanda colectiva (ver pregunta 5).

Esto significa que su Pago en efectivo, si lo hubiera, se determinará mediante la siguiente fórmula: (Fondo de la conciliación – Costos de la conciliación) ÷ (Número total de llamadas realizadas a Miembro del Grupo de Demandantes la Conciliación que presentan una reclamación) = Pago en efectivo por llamada. Esto está sujeto a posibles ajustes si varias personas hacen una reclamación por el mismo número de teléfono celular único.

Por ejemplo, si hay $1,000,000 en el Fondo de la conciliación después de los Costos de la conciliación, y hay 1,000 Miembros del grupo de demandantes de la conciliación que realizan reclamaciones válidas y oportunas, cuya cantidad total combinada de Llamadas elegibles es de 20,000, la participación *prorrateada* sería de $50 por Llamada (es decir, $1,000,000 ÷ 20,000).

En este ejemplo, alguien que recibió 20 llamadas elegibles recibiría $1,000. Este ejemplo es solo para fines ilustrativos. Su Pago en efectivo, si lo hubiera, puede ser significativamente mayor o menor que lo anterior.

Si varias personas presentan una reclamación por el mismo número de teléfono celular único, el Administrador de reclamaciones se pondrá en contacto con cada persona que presentó una reclamación para obtener el mes y año aproximados en que cada persona fue el suscriptor o usuario principal del número de teléfono celular para determinar el pago a los Miembro del grupo de demandantes de la conciliación.

| | |
|---|---|
| **9.  ¿Cómo presento una reclamación de Pago en efectivo?** | |

Los Miembros del grupo de demandantes de la conciliación que pretenden un Pago en efectivo deben completar y presentar un Formulario de Reclamaciones al Administrador de Reclamaciones antes del 27 de marzo de 2023. Los Formularios de Reclamaciones pueden enviarse en línea en www.hhotcpasettlement.com o por correo postal. Si se envía por correo postal, el Formulario de Reclamaciones debe enviarse con franqueo postal cuya fecha sea a más tardar el 27 de marzo de 2023.

Usted debe presentar un único Formulario de reclamaciones por cada número de teléfono celular único en el que recibió llamadas telefónicas, independientemente de la cantidad de veces que se le llamó con un número de teléfono celular en particular.

| | |
|---|---|
| **10. ¿A qué renuncio para recibir los beneficios de la Conciliación o permanecer en el Grupo de Demandantes de la Conciliación?** | |

A menos que se excluya (que elija excluirse), usted elige permanecer en el Grupo de Demandantes de la Conciliación. Si la Conciliación se aprueba y es definitiva, todas las órdenes del Tribunal lo

afectarán y usted estará legalmente obligado. Usted no podrá iniciar una demanda, continuar una demanda ni ser parte de ninguna otra demanda contra los Demandados y las Partes Exentas por los problemas legales de este litigio, resueltos mediante la presente Conciliación. Los derechos específicos a los que usted renuncia se denominan "Reclamaciones exentas".

### 11. ¿Cuáles son las Reclamaciones exentas?

En la Sección XII del Acuerdo de Conciliación se describen las Exoneraciones de reclamaciones, utilizando la terminología legal necesaria, por lo tanto, léala detenidamente. El Acuerdo de Conciliación está disponible en www.hhotcpasettlement.com o en los registros judiciales públicos en los archivos de esta demanda. Puede hablar sin costo alguno con los Abogados del Grupo de demandantes que aparecen en la pregunta 15, o puede, por su cuenta y gasto, hablar con su propio abogado si tiene preguntas acerca de las Partes Exentas o Reclamaciones exentas y el significado del vocabulario del Acuerdo de Conciliación. Usted no debe ponerse en contacto directamente con los Demandados si tiene preguntas sobre la conciliación.

## CÓMO OBTENER LOS BENEFICIOS DE LA CONCILIACIÓN

### 12. ¿Cómo realizo una reclamación de los beneficios de la Conciliación?

Para presentar una reclamación de un Pago en efectivo, usted debe presentar oportunamente un Formulario de Reclamaciones válido. Los Miembros del grupo de demandantes de la conciliación que pretenden un beneficio en virtud de la Conciliación deben completar y presentar un Formulario de reclamaciones al Administrador de Reclamaciones, con fecha de franqueo postal o enviado en línea hasta el **27 de marzo de 2023**. Los Formularios de Reclamaciones podrán presentarse en línea en www.hhotcpasettlement.com, o bien, imprimirse desde el sitio web de la Conciliación y enviarse por correo postal al Administrador de reclamaciones a la dirección indicada en el formulario. La forma más rápida de enviar una reclamación es en línea. Los Formularios de Reclamaciones también están disponibles si llama al 1-800-944-1017 o escribe a la siguiente dirección:

Walker v. Highmark Health Options Claims Administrator
P.O. Box 3937
Portland, OR 97208-3937

### 13. ¿Qué sucede si mi información de contacto cambia después de que presento una reclamación?

Si usted cambia su dirección postal o dirección de correo electrónico después de presentar un Formulario de Reclamaciones, es su responsabilidad comunicarle al Administrador de Reclamaciones su información actualizada. Usted deberá notificar al Administrador de Reclamaciones cualquier cambio llamando al 1-800-944-1017 o por escrito a la siguiente dirección:

Walker v. Highmark Health Options Claims Administrator
P.O. Box 3937
Portland, OR 97208-3937

### 14. ¿Cuándo recibiré mis beneficios de la Conciliación?

Si usted presenta una Reclamación Válida, el pago será proporcionado por el Administrador de Reclamaciones después de que la Conciliación sea aprobada por el Tribunal y se convierta en definitiva.

Puede tardar para que la Conciliación se apruebe y sea definitiva. Tenga paciencia y consulte www.hhotcpasettlement.com para ver las actualizaciones.

# LOS ABOGADOS QUE LO REPRESENTAN

## 15. ¿Tengo un abogado en este caso?

Sí, el Tribunal ha designado a Jeremy M. Glapion de The Glapion Law Firm, LLC como Abogado del Grupo de demandantes para representarle a usted y al Grupo de Demandantes de la Conciliación a los efectos de esta Conciliación. Puede contratar a su propio abogado a su costa si desea que otra persona que no sea el Abogado del Grupo de demandantes lo represente en este litigio.

## 16. ¿Cómo se les pagará a los Abogados del Grupo de Demandantes?

El Abogado del Grupo de Demandantes presentará una moción para solicitarle al Tribunal que otorgue honorarios y costos de abogados que no excedan 1/3 del Fondo de la Conciliación, más los gastos reales del Abogado del Grupo de Demandantes. También pedirán al Tribunal que apruebe un pago de incentivo, que no supere los $10,000, al Demandante Walker, y pagos de incentivo que no superen los $2,500 a los Demandantes Sterling y Fisher por su participación en este litigio y por sus esfuerzos para lograr la Conciliación. Si el Tribunal lo otorga, los honorarios y costos de los abogados y los incentivos se pagarán del Fondo de la Conciliación. El Tribunal puede otorgar montos menores que estos.

La solicitud de los honorarios, los costos y los pagos por servicios por parte de los Abogados del Grupo de Demandantes estará a disposición en el sitio web de la Conciliación en www.hhotcpasettlement.com antes de la fecha límite para que usted deje un comentario u objeción para la Conciliación.

# OPTAR POR EXCLUIRSE DE LA CONCILIACIÓN

Si usted es un Miembro del grupo de demandantes de la conciliación y desea conservar cualquier derecho que pueda tener de iniciar la demanda o continuar la demanda a los Demandados por su cuenta, según las reclamaciones resultantes de este litigio o resueltas por las Reclamaciones exentas, usted debe seguir los pasos para ser excluido del Conciliación. Esto se conoce cómo excluirse u "optar por no formar parte" de la Conciliación.

## 17. ¿Cómo me excluyo de la Conciliación?

Para excluirse de la Conciliación, usted debe enviar por correo postal una notificación por escrito al Administrador de Reclamaciones con su intención de excluirse. La notificación por escrito debe estar firmada, incluir su nombre completo, dirección, número de teléfono y el/los número(s) de teléfono celular a los que llamaron los Demandados, y debe indicar claramente que usted desea ser excluido del Grupo de Demandantes de la Conciliación.

La solicitud de exclusión debe tener **franqueo postal** y enviarse al Administrador de Reclamaciones a la siguiente dirección a más tardar el **10 de marzo de 2023**:

Walker v. Highmark Health Options Claims Administrator
Exclusions
P.O. Box 3937
Portland, OR 97208-3937

Usted no puede excluirse por teléfono o por correo electrónico.

## 18. Si me excluyo, ¿puedo obtener algo de la Conciliación?

No. Al excluirse, usted le indica al Tribunal que no quiere formar parte de la Conciliación. Usted solo puede obtener beneficios de la Conciliación si permanece en la Conciliación.

**19. Si no me excluyo, ¿puedo iniciar acciones legales contra los Demandados por lo mismo más adelante?**

No. A menos que opte por excluirse, usted renuncia a cualquier derecho a demandar a los Demandados y Partes Exentas por las reclamaciones que esta Conciliación resuelve y Exenciones relacionadas con la presunta infracción de la Ley de Protección al Consumidor Telefónico. Usted debe solicitar ser excluido de este litigio para poder iniciar su propia demanda o continuar con una propia, o ser parte de cualquier otra demanda contra los Demandados o cualquiera de las Partes Exentas. Si usted tiene una demanda en trámite, hable de inmediato con el abogado que lo representa en ese caso.

# OBJECIONES A LA CONCILIACIÓN

**20. ¿Cómo le informo al Tribunal que no estoy conforme con la Conciliación?**

Si usted es Miembro del grupo de demandantes de la conciliación, puede informar al Tribunal que no está de acuerdo con la totalidad o alguna parte de la Conciliación, o de los honorarios y costos solicitados de los abogados. También usted puede exponer las razones por las cuales considera que el Tribunal no debería aprobar la Conciliación o los honorarios y costos de los abogados. Para objetar, usted debe presentar una notificación oportuna por escrito ante el Tribunal según lo dispuesto a continuación a más tardar el **10 de marzo de 2023,** en la que se indique que usted se opone a la Conciliación. La objeción debe incluir toda la siguiente información adicional:

(1) su nombre completo, dirección y número de teléfono;
(2) los números de teléfono celular a los que llamaron los Demandados (si es diferente);
(3) los motivos de su objeción;
(4) el nombre del abogado de la objeción (si lo hubiera);
(5) información acerca de otras objeciones que usted o sus abogados hayan presentado en otros casos de demanda colectiva durante los últimos cuatro (4) años; y
(6) si usted tiene la intención de comparecer en la Audiencia de aprobación final en su propio nombre o a través de un abogado. También se debe adjuntar a la objeción todo documento que la apoye.

Su objeción debe presentarse ante el Tribunal, ya sea presentándola ante el Tribunal o por correo postal a través del correo postal de los EE. UU. al Tribunal, de forma que se **reciba** antes del **10 de marzo de 2023**, a la siguiente dirección:

Clerk of Court
United States District Court
Western District of Pennsylvania
700 Grant Street
Pittsburgh, PA 15219

**21. ¿Cuál es la diferencia entre presentar una objeción y pedir la exclusión?**

Objetar es simplemente decirle al Tribunal que no le agrada algo sobre la Conciliación o sobre los honorarios y costos solicitados de los abogados. Usted solo puede objetar si permanece en el Grupo de Demandantes de la Conciliación (es decir, si usted no se excluye de la Conciliación). Al excluirse de la Conciliación, le comunica al Tribunal que usted no desea ser parte del Grupo de Demandantes o de la Conciliación. Si se excluye, no podrá oponerse a la Conciliación.

# LA AUDIENCIA DE APROBACIÓN DEFINITIVA

### 22. ¿Cuándo y dónde decidirá el Tribunal si aprueba la Conciliación?

El Tribunal celebrará una Audiencia de aprobación definitiva el **2 de mayo de 2023 a la 1:00 p.m. hora del este** ante el juez Christy Criswell Wiegand en United States District Court, Western District of Pennsylvania, Joseph F. Weis, Jr. U.S. Courthouse, Courtroom 9B, 700 Grant Street, Pittsburgh, PA 15219.

En esta audiencia, el Tribunal evaluará si la Conciliación es justa, razonable y adecuada, y decidirá si aprobar la Conciliación; la solicitud de los honorarios y los costos de los abogados por parte de los Abogados del Grupo de Demandantes; y los pagos de incentivos a los Demandantes. Si existiesen objeciones, el Tribunal las evaluará. El Tribunal también escuchará a las personas que hayan solicitado hablar en la audiencia.

Nota: La fecha y hora de la Audiencia de Aprobación Definitiva están sujetas a cambios. El Tribunal también puede decidir celebrar la audiencia vía Zoom o por teléfono. Cualquier cambio se publicará en www.hhotcpasettlement.com.

### 23. ¿Tengo que asistir a la Audiencia de Aprobación Definitiva?

No. Los Abogados del Grupo de Demandantes responderán todas las preguntas que el Tribunal pueda tener. Sin embargo, usted puede asistir por su cuenta si lo desea. Si usted envía una objeción, no es necesario que asista al Tribunal para hablar al respecto. Siempre que presente una objeción en el lugar o por correo postal a tiempo, el tribunal la considerará.

### 24. ¿Puedo declarar en la Audiencia de Aprobación Definitiva?

Sí, siempre y cuando usted no se excluya (elija excluirse), usted podrá participar y hablar en su nombre en este litigio y la Conciliación (pero no está obligado a hacerlo). Esto se conoce como la comparecencia. Asimismo, usted puede hacer que su abogado haga uso de la palabra en su nombre, pero usted deberá pagar el abogado a su costa.

Si usted desea comparecer, o si desea que su propio abogado en lugar del Abogado del Grupo de Demandantes hable en su nombre en la audiencia, usted debe seguir todos los procedimientos para oponerse a la Conciliación enumerados en la Sección IX e incluir específicamente una declaración de si usted y su abogado comparecerán en la Audiencia de aprobación final.

# SI DECIDE NO HACER NADA

### 25. ¿Qué sucede si no hago nada?

Si es Miembro del Grupo de Demandantes de la Conciliación y no hace nada, no obtendrá ningún beneficio de la Conciliación. Usted también renunciará a los derechos explicados en la sección "Excluirse de la Conciliación" de esta notificación (consulte las preguntas 10 y 19 mencionadas anteriormente), incluido su derecho a iniciar una demanda, continuar una demanda o ser parte de cualquier otra demanda contra los Demandados o cualquiera de las Partes Exentas respecto de los problemas legales en este litigio y resueltos por el Acuerdo de Conciliación.

**¿Tiene alguna pregunta? Visite www.hhotcpasettlement.com o llame al 1-800-944-1017**

9

## CÓMO OBTENER MÁS INFORMACIÓN

| 26. ¿Cómo puedo obtener más información? |
| --- |

Este Aviso resume la Conciliación propuesta. El Acuerdo de Conciliación brinda todos los detalles. El Acuerdo de Conciliación y los documentos relacionados están disponibles en www.hhotcpasettlement.com, llamando al 1-800-944-1017 o escribiendo a:

Walker v. Highmark Health Options Claims Administrator
P.O. Box 3937
Portland, OR 97208-3937

**NO LLAME POR TELÉFONO AL TRIBUNAL O EL SECRETARIO DEL TRIBUNAL EN RELACIÓN CON ESTE AVISO.**

Attachment 6

**CA40059964 - Walker v Highmark BCBSD Health**
**Requests for Exclusions**

| Number | Name |
|--------|------|
| 1 | |
| 2 | |