UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER JAMES WALKER, KIM STERLING, and ERNIE FISHER** on behalf of themselves and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**HIGHMARK BCBSD HEALTH OTPIONS, INC.; COTIVITI, INC.**<br><br>**Defendant.** | Civil Case No.: 20-cv-1975<br>Hon. Christy Criswell Wiegand |

**Declaration of Jeremy M. Glapion In Support of Plaintiffs' Unopposed Motion for Final Approval**

I, Jeremy M. Glapion, declare as follows:

1. I am the founder of Glapion Law Firm and a member in good standing of the State Bars of New Jersey and New York. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. Glapion Law Firm is a plaintiff-side consumer protection firm with a focus on cases alleging violations of the Telephone Consumer Protection Act, Fair Debt Collection Practices Act, and consumer fraud.

3. Since May 2015, I have recovered over $1 million for clients in dozens, if not hundreds, of individual TCPA cases.

4. In addition, I have been appointed lead counsel in three separate TCPA class actions, including this one as well as:

   a. *Willis et al. v. IHeartMedia, Inc.*, Case No. 16-CV-02455 (Cook County, Feb. 19, 2016) (co-lead counsel in successfully administered, $8.5m non-reversionary TCPA class settlement);

   b. *Allard et al. v. SCI Direct, Inc.*, Case No. 16-cv-01033 (M.D. Tenn. 2016) (sole lead counsel in successfully administered, $15 million non-reversionary TCPA class settlement).

   c. *Griffith v. ContextMedia, Inc.*, Case No. 16-cv-2900 (N.D. Illinois 2018) (co-lead counsel in successfully administered, $2.9 million, non-reversionary TCPA class settlement).

5. I am currently litigating three other TCPA (or state law equivalent) putative class actions: *DeSouza v. Aerocare Holdings*, Case No. 22-cv-1047 (M.D. Fla.); *Verma v. Walden*

*University*, 22-cv-776 (M.D. Fla.); and *Katz v. CHW Group, Inc.*, Case No. 22-cv-5198 (W.D. Ark.).

6.  I have also been an invited panelist on a TCPA panel at the PCI Northeast General Counsel Conference.

7.  Prior to founding Glapion Law Firm, I was an attorney at the law firm of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") in New York (2013-2015), a law clerk to The Honorable Freda L. Wolfson (D.N.J.) (2013), and an associate at Gibson Dunn & Crutcher (2012-2013).

8.  While at LCHB, I was the primary associate on several high-profile consumer protection matters, including TCPA class cases such as *Henrichs v. Wells Fargo Bank, N.A.*, Case No. 13-CV-05434 (N.D. Cal.); *Ossola v. American Express Co.*, Case No. 13-cv-04836 (N.D. Ill.); and *Balschmiter v. TD Auto Finance, LLC*, Case No. 13-cv-01186 (E.D. Wisc.).

9.  My experience in the matters listed above, as well as my knowledge of the TCPA gained through my handling numerous TCPA actions (both class and individual), has allowed me to develop the skills to successfully and capably manage the legal, factual, and procedural issues that accompany TCPA class actions, and to evaluate the merits of this case and the submitted settlement.

## Walker v. Highmark Litigation

10. From the outset of this case, the litigation was difficult and contentious, and required significant discovery and the Court to resolve numerous discovery disputes and several dispositive motions.

11. Specifically, Defendant Highmark Health Options moved to dismiss, which the Court denied.

12. Plaintiff moved to remand, which the Court denied.

13. Defendant Cotiviti, Inc. moved to dismiss, which the Court denied.

14. Plaintiffs conducted significant discovery, including 60 requests for production and 19 interrogatories, which necessitated the review and curation of thousands of pages of documents, and necessitated hiring database and data analysis support teams.

15. The parties also attended an all-day mediation before Terry White on July 27, 2022 in an effort to resolve the case, which did successfully result in a settlement agreement in principle.

16. Though I remain confident in the strength of the claims, there remain serious risks, both legal and practical.

17. First, Defendants raised privately and in filings several complete defenses to liability, including the contours of the emergency purpose defense vis-à-vis wrong number calls, which would be an issue of first impression in this circuit. Defendants also argued that Plaintiff Walker (and by extension, later-added Plaintiffs Sterling and Fisher) could only represent persons who received calls as part of the same campaigns they did, which would significantly limit the number of actionable campaigns.

18. Second, while wrong number classes are certifiable, they are more vigorously contested in good-faith than a standard TCPA settlement, and there is well-reasoned case law supporting both certification and denial. There are real risks of class certification being denied in full or in part, which would result in the Settlement Class (or a significant portion of the Settlement Class) receiving no relief.

19. Third, even if Plaintiffs prevailed on every issue, motion, and trial, this Settlement allows for real relief much sooner than would come in its absence. Trial is, at best, a year away,

and any subsequent appeal would add years. Guaranteeing a sizable Settlement to the Class now far outweighs the potential benefit of proceeding to trial and verdict.

20. Considering these risks, and compared to other TCPA settlements nationwide, I strongly believe this Settlement is not only fair, but exceptional. Eligible claimants will likely receive *per call* what many TCPA class settlements pay *per member*. It is a near certainty that some Class Members will see payments north of $1,400. In a possible (but high) claims rate where ten percent of calls are claimed, claimants would receive an estimated $76.98 per call (with the average class member receiving just over $1450), *after* estimated costs and sought attorneys' fees, costs, and service awards.

21. This settlement is exceptional relative to other TCPA settlements, gets real money into the hands of class members sooner rather than later, and should help deter future wrongful conduct by Defendants and/or others.

### Walker v. Highmark Plaintiffs

22. This exceptional result could not have been achieved without the participation of all three current Plaintiffs.

23. Plaintiff Walker initiated this case and remained attentive and engaged from day one.

24. Plaintiff Walker timely responded to Defendants' discovery requests, asked pertinent and insightful questions throughout the case (including about the instant settlement), and remained available as needed to assist in the prosecution of all aspects of this case.

25. At no point did Plaintiff Walker place his own interests above those of the class.

26. Plaintiff Walker was, by any measure, an ideal class representative Plaintiff.

27. While Plaintiffs Fisher and Sterling were involved in this case for a much shorter period, their participation was vital.

28. One of Defendants' primary expected defenses was that the calls to Plaintiff Walker were made for emergency purposes, in which case they would potentially be exempt from the TCPA.

29. While the Parties disagreed on the viability of this argument, it was not without some support.

30. If all of Plaintiff Walker's claims were made for emergency purposes, then Plaintiff Walker could not proceed, nor could he represent a class.

31. Plaintiff Fisher and Plaintiff Sterling, however, received calls as part of campaigns for which Defendants' emergency purpose argument would arguably be more attenuated, such as satisfaction survey calls and reward program calls.

32. As such, it is my belief that their presence in this case in the weeks leading up to the mediation helped break through what would certainly have been a roadblock during settlement negotiations.

33. It is my belief that their participation contributed significantly to the excellent value obtained at the mediation.

34. It is my belief that this matter would not have resolved—or would not have resolved as favorably—without the participation of Plaintiffs Fisher and Sterling.

35. And while their involvement was short in duration, they at no point expressed a desire to settle individually or place the interests of themselves above the class. They asked questions and were invested in the case from the beginning. They were and remain responsive to requests for information from counsel.

36. I would have no issues confidently proceeding with any of the Plaintiffs, individually or collectively, should this case not have resolved.

37. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 17th day of April, 2023, at Manasquan, New Jersey.

*/s/ Jeremy M. Glapion*_____
Jeremy M. Glapion