IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER JAMES WALKER, KIM STERLING, ERNIE FISHER, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> HIGHMARK BCBSD HEALTH OPTIONS, INC., COTIVITI, INC. <br><br> Defendants. | 2:20-CV-01975-CCW |

### ORDER

WHEREAS, the Parties in the above-captioned litigation have advised the Court that they have settled the litigation, the terms of which have been memorialized in a settlement agreement ("Settlement Agreement");

WHEREAS, this Court granted preliminary approval and preliminary certified a class for Settlement purposes on December 13, 2022;

WHEREAS, Plaintiffs have applied to this Court through an unopposed motion for an order (1) finally certifying the Settlement Class for settlement purposes; (2) granting final approval of the Settlement Agreement resolving all claims in the above-captioned matter; and (3) awarding fees, costs, and service awards;

WHEREAS, the Court has read and considered Plaintiffs' unopposed Motion to Certify the Settlement Class for Settlement Purposes and for Final Approval of Class Action Settlement ("Motion"), the points and authorities and exhibits submitted therewith, the Settlement Agreement, and all of the supporting documents; and the Motion for Attorneys' Fees, Costs, and Service awards; and good cause appearing:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. For the reasons set forth on the record and summarized below, the Court will GRANT the Motion for final certification of the class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) and approve the settlement pursuant to Federal Rule of Civil Procedure 23(e).

2. In particular, the Court finds that Rule 23(a) is satisfied given that (i) the class is so numerous with 7,403 members as to make joinder impracticable; (ii) there are questions of law or fact common to the class members, given that they all allege receiving pre-recorded calls from Defendants in violation of the TCPA; (iii) the proposed representatives' claims are typical of the class because the named Plaintiffs (consistent with the rest of the class) claim that they received pre-recorded calls from Defendants in violation of the TCPA; and (iv) finally, the representatives fairly and adequately protect the interests of the class, in light of the named Plaintiffs' active participation and counsel's experience.

3. Furthermore, the Court finds that Rule 23(b)(3) is satisfied because (i) common questions of fact and law predominate because the essential elements of Plaintiffs' claim are capable of proof at trial and common to each class member; and (ii) a class action is superior to other methods of adjudication, given the thousands of members.

4. Finally, the Court finds that the settlement is "fair, reasonable and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(2) after considering the nine-factor test established in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975). First, this litigation has been complex and lengthy. Second, the reaction of the class supports approval with a 21% claims rate and no objections. Third, resolution was reached only after significant motion practice and discovery. Fourth and fifth, given the novel questions of law, the class faced a risk in

2

establishing liability or damages at trial. Sixth, there are risks associated with continuing the class action, specifically the split of authority regarding certification of a wrong number class. Seventh, there is not a concern that Defendant would be unable to pay a final judgment, so this factor does not weigh in favor of settlement. Eighth and ninth, the settlement is within the range of reasonableness in light of the best possible recovery and the risks of litigation. Therefore, the majority of the *Girsh* factors weigh in favor of settlement.

IT IS FURTHER ORDERED THAT:

5. This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

6. Plaintiffs' Motion is **GRANTED**. It appears to this Court that the Settlement Class satisfies the elements of Fed. R. Civ. P. 23 and is fair, adequate, and reasonable.

7. The proposed Settlement Class is hereby finally certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2) for purposes of settlement. The Settlement Class is defined as:

> A. During the Class Period, all persons within the United States who are subscribers or primary users of a cellular telephone number to which Defendant Highmark BCBSD Health Options Inc. placed (or had placed on its behalf by Defendant Cotiviti, Inc.) a telephone call using a pre-recorded or artificial voice,
>
>> 1) when such a call to that telephone number had previously resulted in (a) a "WRONG_NUMBER" disposition or (b) a "MSG_DECLINED" disposition without a subsequent disposition of "CORRECT_PERSON" or "MSG_HUMAN" and
>>
>> 2) when at least one subsequent call to that telephone number had the disposition "WRONG_NUMBER", "MSG_MACHINE", "CORRECT_PERSON", "MSG_HUMAN", "HANGUP", "NO_CONTINUE", or "MSG_DECLINED".
>
> B. Excluding those persons who *only* received calls as part of a COVID Campaign, as well as Defendants and any entities in which Defendants have a controlling interest; Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate

families.

8. The Court finally appoints Jeremy M. Glapion as Class Counsel, and Plaintiffs Christopher Walker, Kim Sterling, and Ernie Fisher as representatives of the Settlement Class;

9. Accordingly, the Court **GRANTS** final approval to the Settlement Agreement.

10. Finally, the Court further **GRANTS** Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards; Class Counsel is hereby awarded $616,666.67 in fees and $21,161.52 in Costs; Plaintiff Walker is awarded $10,000 for his service to the class; Plaintiff Fisher is awarded $2,500 for his service to the Class; and Plaintiff Sterling is awarded $2,500 for her service to the Class.

11. All amounts awarded hereunder shall be paid in accordance with the Settlement Agreement.

**ORDERED** this 2nd day of May, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):
All Counsel of Record

4